**Ovid ABRAMS**

v.

**MADISON COUNTY HIGHWAY DEPARTMENT.**

Supreme Court of Tennessee.

May 21, 1973.

**540**

James A. Hopper, Ross, Ross & Hopper, Savannah, for appellant.

Thomas H. Rainey, Spragins, Menzies & Rainey, Jackson, for appellee.

OPINION

McCANLESS, Justice.

This case presents an appeal from a judgment of the Circuit Court of Madison County, that the appellant, Ovid Abrams, is not entitled to benefits under the provisions of the Workmen's Compensation Law of Tennessee because: (1) the appellant was found not to be an employee of the Madison County Highway Department at the time of his accident and resulting injury; and (2) that his labor at the Madison County Highway Department was not voluntary.

The material facts disclose that Abrams was convicted of assault and battery in the General Sessions Court of Hardin County. He was transferred to the Madison County Workhouse in July, 1970. He was there advised that he would be required to work on the roads in Madison County. There is some dispute as to whether he was promised $5.00 a day, but it is a fact that he never was paid for his work.

The appellant worked on the roads for a while, but was later transferred to the Madison County Highway Department Garage where he was assigned the duties of repairing large truck tires. On August 25, 1970, while he was attempting to air a large tire, it exploded resulting in multiple injuries to his left hand requiring two operations. The appellant claimed he suffered a hundred per cent disability, but the Circuit Court made no adjudication concerning disability.

The sole error assigned by the appellant is that the Circuit Court erred in finding that the appellant was not an employee within the meaning of the Tennessee Workmen's Compensation Law.

Section 50–902(a) and (b), Tennessee Code Annotated, provides:

"50–902. *Definitions.*—In chapters 9 through 12 of this title, unless the context otherwise requires:

"(a) 'Employer' shall include any individual, firm, association or corporation, or the receiver, or trustee of the same, or the legal representative of a deceased employer, using the services of not less than five (5) persons for pay. If the employer is insured, it shall include his insurer, unless otherwise herein provided.

"(b) 'Employee' shall include every person, including a minor, whether lawfully or unlawfully employed, the president, any vice-president, secretary, treasurer, or other executive officer of a corporate employer without regard to the nature of the duties of such corporate officials, in the service of an employer, as employer is defined in paragraph (a) above, *under any contract of hire,* apprenticeship, *written or implied.* Any reference herein to an employee who has

been injured shall, when the employee is dead, also include his legal representatives, dependents and other persons to whom compensation may be payable under the Workmen's Compensation Law." [Emphasis supplied].

To be an "employee" within the meaning of our statute, one is required to be under a contract of hire. And, under the circumstances of the case presently before us, we find such a contractual relationship to be conspicuously absent. Convicts and prisoners have usually been denied compensation for injuries sustained in connection with work done within the prison, even when some kind of reward attended their exertions. The reason given is that such a convict cannot and does not make a true contract of hire with the authorities by whom he is confined. The inducements which might be held out to him, in the form of extra food or even money, are in no sense consideration for an enforceable contract of hire. 1–A Larson, Workmen's Compensation Law, § 47.31.

The above cited treatise further indicates that the rule is least controversial when the prisoner has no choice in the matter of working or not working. In Tennessee inmates of a county workhouse are required to work. Sections 41–1218, 41–1219, and 41–1228, T.C.A. Should the inmate refuse to work he is subject to being placed in solitary confinement on rations of bread and water. Upon close examination of the facts, we find that the appellant's labor was in no respect voluntary.

We adopt the general rule that a convict performing work for a county during the term of his imprisonment is not an employee within the meaning of Workmen's Compensation Laws. Since the appellant's work was neither voluntary nor done "under any contract of hire", we affirm the judgment of the lower court.

DYER, C. J., CHATTIN and HUMPHREYS, JJ., and WILSON, Special Justice, concur.