Clarence L. HOWARD,
Plaintiff-Appellant,

v.

Johnny USELTON, Sheriff of Marion County and Marion County, Tennessee, Defendants-Appellees.

Supreme Court of Tennessee,
at Nashville.

July 24, 1989.

William C. Killian, Jasper, for plaintiff-appellant.

Law Offices of Thomas E. LeQuire, Chattanooga, for defendants-appellees.

## OPINION

DROWOTA, Chief Justice.

The sole issue in this workers' compensation appeal is whether the Chancellor erred in ruling that the Plaintiff, a convict doing work for the county during his term of imprisonment and at the time of his alleged injury, could not and did not enter into a contract of hire with Marion County, and thus was not an employee as defined by T.C.A. § 50–6–102 and was not entitled to workers' compensation benefits.

Plaintiff, Clarence Howard, was an inmate at the Marion County jail, having been sentenced to serve one hundred twenty (120) days on a conviction for driving under the influence of an intoxicant, third offense. Plaintiff was incarcerated on June 22, 1987. On July 15, 1987, while changing truck tires at the Marion County landfill, Plaintiff injured his back. Since the accident occurred after July 1, 1985, our standard of review in this case is *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the findings, unless the preponderance of the evidence is otherwise. T.C.A. § 50–6–225(e).

The only witnesses who testified were the Plaintiff; Clarence Pickett, a jailer; Carl Culpepper, the operator for the landfill; and Dr. George Seiters. In *Humphrey v. Witherspoon, Inc.*, 734 S.W.2d 315 (Tenn.1987), Justice Harbison stated: "Where the trial judge has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, on review considerable deference must still be accorded to those circumstances." Plaintiff testified that he was approached by the jailer, Clarence Pickett, a few days after he started serving his sentence concerning working at the landfill. Plaintiff stated that he was told he could get out of jail earlier if he worked. Clarence Pickett testified that Plaintiff was not offered any extra freedom, was not offered any money, nor was he offered any early release from his incarceration. Pickett stated: "We were told on a DUI sentence that there was nothing we could do." In response to the question of early release, Pickett stated: "I don't have that authority." Pickett stated that it was not unusual for prisoners to want some kind of work detail, just to get outside the jail for a while. The record does reflect that there were some advantages for Plaintiff working at the landfill. He had more freedom of movement, had access to a telephone, and could see other people. He had weekend leaves and extra family visitation, and free access to the jail kitchen in addition to his regular meals.

After hearing the testimony of the witnesses and argument of counsel, the Chancellor found "that the Plaintiff, Clarence L. Howard, was, at the time of the injury complained of on July 15, 1987, incarcerated in the Marion County jail and as such prisoner was unable to enter into a contract of employment with Marion County and did not enter into a contract of employment with Marion County and, pursuant to *Abrams v. Madison Co.*, 495 S.W.2d 539 (Tenn.1973), the Plaintiff was a convict performing work for the county during the term of his imprisonment and could not be an employee within the meaning of the Workers' Compensation Laws." T.C.A. § 50–6–102(a)(2)(A) defines employee as one "under any contract of hire, ... written or implied."

Plaintiff contends that the Chancellor's reliance upon *Abrams* is misplaced because *Abrams* was confined to a county workhouse and was required to work on the roads in Madison County, and was thus not a volunteer. Plaintiff avers that being confined to a county jail is different because he was not required to perform work as part of his sentence.

Justice McCanless, in *Abrams*, stated:

"To be an 'employee' within the meaning of our statute, one is required to be under a contract of hire.... Convicts and prisoners have usually been denied compensation for injuries sustained in connection with work done within the prison, even when some kind of reward attended their exertions. The reason given is that such a convict cannot and does not make a true contract of hire with the authorities by whom he is confined. The inducements which might be held out to him, in the form of extra food or even money, are in no sense consideration for an enforceable contract of hire. [1—C] Larson, Workmen's Compensation Law, § 47.31[a]."

In holding that Abrams was not under any contract of hire, the Court stated: "We adopt the general rule that a convict performing work for a county during the term of his imprisonment is not an employee within the meaning of Workmens' Compensation Laws."

In *Black v. Dance*, 643 S.W.2d 654, 657 (Tenn.1982), Justice Brock stated: "The word 'hire' imports remuneration or compensation.... In order for one to be an employee of another for purposes of our Workers' Compensation Law, it is, therefore, required that there be an express or implied agreement for the alleged employer to remunerate the alleged employee for his services in behalf of the former."

In affirming the trial court in finding that Plaintiff was not under a contract of hire, Justice Brock stated:

"Our conclusion in this respect is not unique. Indeed, the law generally appears to be in accord. Thus, at 99 C.J.S. Workmen's Compensation, §§ 64 (1958) we find the following statement:

'In order that a person may be an employee under a compensation act, it is essential that some consideration be paid or payable to him, services gratuitously performed creating no liability, and some of the definitions of "employer," "employee," and related terms in the compensation acts contain the element of pay for service.'

The quoted statement is supported by citations to decisions from many other states. *See also* 81 Am.Jur.2d *Workmen's Compensation* § 156 (1976) and cases there cited. This rule may on occasion produce unjust results, but, it is not of our making; we must administer the law enacted by the General Assembly."

We find no agreement that Mr. Howard was to be remunerated or compensated by Marion County. He was not paid for his services at the county landfill. As stated in *Abrams*, "a convict cannot and does not make a true contract of hire with the authorities by whom he is confined."

Defendant also raises several practical problems when dealing with one imprisoned. Since the benefits are ordinarily calculated on the basis of earnings, what would be the rate of compensation? Does one receive temporary disability benefits during incarceration? We do not address these issues because as stated earlier, the general rule in Tennessee is that a convict performing work during the term of his imprisonment is not an employee within the meaning of workers' compensation laws. The Plaintiff was a ward of Marion County and the County was responsible for his medical care. Counsel stated that the medical expenses were paid by the County and not through the workers' compensation carrier. It is up to the Legislature to decide whether or not the compensation act should be amended to allow coverage with regard to prison employment.

We do not find that the evidence preponderates against the finding of the Chancellor that Plaintiff did not enter into a contract of employment with Marion County and therefore is not entitled to workers' compensation benefits. The judgment of the Chancellor is accordingly affirmed and the costs of this appeal are taxed to Appellant.

FONES, COOPER, HARBISON and O'BRIEN, JJ., concur.