**Debbie BYRD, Lois Stafford and Tabitha Stewart**

v.

**STATE of Tennessee**

Court of Appeals of Tennessee, Western Section, at Jackson.

Assigned on Brief July 14, 2003.

April 19, 2004.

Larry H. Montgomery, Memphis, Tennessee, and Venita Marie Martin, Memphis, Tennessee, for the appellants Debbie Byrd, Lois Stafford, and Tabitha Stewart.

Nancy M. Maddox, Memphis, Tennessee, for the appellee State of Tennessee.

## OPINION

HOLLY M. KIRBY, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

This appeal involves the jurisdiction of the Claims Commission. The complainants were independent contractors hired to clean a medical clinic operated by the Uni-

versity of Tennessee. The complainants alleged that they were subjected to sexual harassment by one of the clinic's physicians, and that when they complained about the harassment to the clinic's site director, they were subjected to retaliation and further sexual harassment. The University of Tennessee subsequently terminated the contract. The complainants filed suit in the Claims Commission under numerous legal theories. The University of Tennessee filed a motion to dismiss, arguing lack of subject matter jurisdiction and failure to state a claim. The Claims Commission granted the motion except as to the claim of one of the complainants for breach of contract, and made its order final pursuant to Rule 54.02, Tennessee Rules of Civil Procedure. We reverse in part, finding that the Claims Commission had jurisdiction over the complainants' claims for malicious harassment under Tenn.Code Ann. § 9–8–307(a)(1)(N), and affirm the remainder of the decision of the Claims Commission.

Byrd Janitorial was a business owned and operated by Complainant/Appellant Debbie Byrd ("Byrd"). Byrd, d/b/a Byrd Janitorial, entered into a four-year contract with Defendant/Appellee University of Tennessee College of Medicine ("University") to provide cleaning and janitorial services to the Tipton Family Practice Clinic ("Clinic") in Covington, Tennessee. Complainants/Appellants Lois Stafford ("Stafford") and Tabitha Stewart ("Stewart") were employed by Byrd Janitorial and also provided services at the Clinic pursuant to the agreement between Byrd Janitorial and the University. The contract provided that it could be terminated only for cause. At the University's request, Byrd Janitorial ended its contracts with other clients, so that the Clinic was Byrd Janitorial's only client.

Byrd, Stafford and Stewart (collectively "Byrd employees") allege that, during the course of performance of the cleaning contract, Dr. Kenneth Berry ("Berry"), a physician employed by the University to work at the Clinic, sexually harassed and assaulted each of them on numerous occasions.[1] The Byrd employees allege that they reported Berry's misconduct to several employees of the University who worked at the Clinic, including the Clinic's site director, Dr. Laura Travernier ("Travernier"). The Byrd employees allege that Travernier also engaged in inappropriate sexual behavior. Finally, the Byrd employees complained about this misconduct to the Chair of the Family Practice Clinics and to a University administrator.

The Byrd employees alleged that their complaints only resulted in acts of retaliation. Stafford was fired, ordered to leave the building, and told that she would be jailed if she returned. Byrd was told she could clean the Clinic after working hours only. Byrd alleged that, on one occasion, she arrived at the Clinic for work and Berry called a security guard and the sheriff's department. On that occasion, Berry told the security guard and the law enforcement officer that Byrd had been fired and that she was now breaking in and vandalizing the Clinic. Based on Berry's statements, the law enforcement official detained Byrd for questioning and threatened to arrest her. A few days later, Travernier terminated the University's

---

1. The Byrd employees allege Berry made inappropriate comments, such as, but not limited to, "Do fries come with that shake?", "I've got something to plug you with, but it is not a vacuum cleaner," and asking Stafford if he could give her pap smears. The Byrd employees allege he assaulted them by exposing himself to Stafford, forcing a kiss with his tongue on Stewart, touching all of the complainants on their breasts and buttocks, and touching Stafford on her genitals.

contract with Byrd Janitorial. Byrd was forced to leave the Clinic immediately and was not permitted to collect Byrd Janitorial's equipment.

The Byrd employees filed a complaint with the Claims Commission against the University, alleging negligent supervision leading to sexual harassment and battery, negligent failure to supervise Berry regarding the laws against sexual harassment, negligent retention of an employee, negligent creation or maintenance of a dangerous condition, defamation, employment that constitutes a nuisance, negligent failure to prevent sexual assault and battery, negligent failure to maintain a workplace free of inappropriate sexual conduct, negligent deprivation of several statutory rights, outrageous conduct, unconstitutional taking of private property, and breach of contract. The University filed a motion to dismiss under Rule 12.02 of the Tennessee Rules of Civil Procedure, arguing for dismissal of each claim, some for lack of subject matter jurisdiction and others for failure to state a claim. The Claims Commission granted the motion to dismiss as to each allegation except for the breach of contract claim asserted by Debbie Byrd. From that order, the Byrd employees now appeal.[2]

▮▮▮ We review a dismissal by the Claims Commission under Rule 12.02 for lack of subject matter jurisdiction and for failure to state a claim *de novo* with no presumption of correctness. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000); *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn.1997). In considering a motion to dismiss for failure to state a claim, the court must view the complaint liberally in favor of the plaintiff, accepting all of the allegations as true, because such a motion tests only the legal sufficiency of the complaint, not the persuasiveness of the plaintiff's proof. *Stein*, 945 S.W.2d at 716. The plaintiff's complaint should be dismissed only if the plaintiff can prove no set of facts that would entitle the plaintiff to relief.

The Tennessee Constitution permits law suits against the State only "in such manner and in such courts as the Legislature may by law direct." Tenn. Constitutionality. art. I, § 9; *Northland*, 33 S.W.3d at 729. Pursuant to this, the Tennessee General Assembly created the Tennessee Claims Commission, which has exclusive jurisdiction to hear "monetary claims against the state based on the acts or omissions of 'state employees.'" Tenn. Code Ann. §§ 9–8–301, 9–8–307(a)(1) (1999 & Supp.2003). However, its jurisdiction is limited to those claims outlined in section 9–8–307(a)(1) of the Tennessee Code Annotated. *Stewart v. State*, 33 S.W.3d 785,

---

**2.** No issue on appeal is raised as to the breach of contract claim. Although the Claims Commission did not dismiss the contract claim, it made its order dismissing the other claims final under Rule 54.02 of the Tennessee Rules of Civil Procedure. However, when this appeal first came before us, the Claims Commission had not yet made its order final under Rule 54.02, and we were therefore presented a non-appealable order under Rule 3(a) of the Tennessee Rules of Appellate Procedure. Thus, we entered an order on November 12, 2003 holding the appeal in abeyance for thirty days and remanding the cause to the Claims Commission to determine

whether to make its October 10, 2003 order final under Rule 54.02. The Claims Commission failed to respond, and we issued an opinion on December 30, 2003 dismissing this appeal. On February 12, 2004, we granted the appellants' motion to rehear, withdrawing the opinion of December 30, 2003, holding the appeal in abeyance an additional thirty days, and again remanding to the Claims Commission for consideration of whether to make its order final. Subsequently, the Claims Commission entered an order on February 20, 2004 making its October 10 order final under Rule 54.02.

790 (Tenn.2000). The jurisdictional provisions must be interpreted liberally so as "to implement the remedial purposes of" the statute. Tenn.Code Ann. § 9–8–307(a)(3) (1999 & Supp.2003); *Stewart*, 33 S.W.3d at 791. We will first set out the pertinent provisions of the statute outlining the jurisdiction of the Claims Commission, and then discuss the claims raised in this appeal.

The jurisdiction of the Claims Commission is set forth in Tennessee Code Annotated § 9–8–307. The pertinent provisions of this statute are as follows:

**9–8–307. Jurisdiction—Claims—Waiver of actions—Standard for tort liability—Damages—Immunities—Definitions—Transfer of claims.—** (a)(1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of "state employees" . . . falling within one (1) or more of the following categories:

. . . .

(B) Nuisances created or maintained;

(C) Negligently created or maintained dangerous conditions on state controlled real property. The claimant under this subsection must establish the foreseeability of the risks and notice given to the proper state officials at a time sufficiently prior to the injury for the state to have taken appropriate measures;

. . . .

(E) Negligent care, custody and control of persons;

. . . .

(N) Negligent deprivation of statutory rights created under Tennessee law, except for actions arising out of claims over which the civil service commission has jurisdiction. The claimant must prove under this subdivision that the

general assembly expressly conferred a private right of action in favor of the claimant against the state for the state's violation of the particular statute's provisions;

. . . .

(R) Claims for libel and/or slander where a state employee is determined to be acting within the scope of employment;

. . . .

(V) Unconstitutional taking of private property, as defined in § 12–1–202, including intentional state governmental action resulting in a taking other than the taking of real property and real property rights for the state's system of highways or the state's system of interstate highways . . . .

Tenn.Code Ann. § 9–8–307(a)(1)(B), (C), (E), (N), (R) & (V) (1999 & Supp.2003). We will discuss each of the claims that the Byrd employees assert were erroneously dismissed.

■ The Byrd employees' complaint alleged that Berry's "employment constituted a nuisance," which the University created or maintained. The Byrd employees argue that the Claims Commission has jurisdiction under section 9–8–307(a)(1)(B), which states that the Commission has jurisdiction to determine claims involving "[n]uisances created or maintained." Tenn.Code Ann. § 9–8–307(a)(1)(B) (1999 & Supp.2003). The Byrd employees argue that, under this statute, "nuisance" extends beyond the disturbance of a person's use of property, and that the Claims Commission therefore had jurisdiction to hear the claim because they had alleged Berry's employment was a nuisance to them. The Byrd employees cite no authority for this assertion. The Claims Commission held that the nuisances referred to in this statute are limited to those "involv[ing] the annoyances or disturbance of one's free

use of property." We agree. This issue is without merit.

■ The Byrd employees also alleged in the complaint that the University "negligently created or maintained dangerous conditions at the Clinic." They assert that the Claims Commission has jurisdiction pursuant to section 9–8–307(a)(1)(C), which grants the Claims Commission jurisdiction to hear claims for injuries resulting from "[n]egligently created or maintained dangerous conditions on state controlled real property." Tenn.Code Ann. § 9–8–307(a)(1)(C) (1999 & Supp.2003). The Byrd employees argue that Berry's continued employment created a dangerous condition for all women working at the clinic.[3] The Claims Commission held that the facts alleged did not implicate section 9–8–307(a)(1)(C), reasoning that the case law establishes that section as codifying the common law principles of premises liability, that is, the common law obligation of the owner or occupier of land, and found that the facts presented by the Byrd employees were not encompassed by that statutory provision.

■ To determine whether the Claims Commission has jurisdiction under section 9–8–307(a)(1)(C), the principles of premises liability are employed. *See Dobson v. State,* 23 S.W.3d 324, 330 (Tenn.Ct.App. 1999). Premises liability cases generally consider a dangerous condition to the land to be a physical characteristic of the land that creates a danger to persons on the land who do not own the land. *See Eaton v. McLain,* 891 S.W.2d 587, 593–4 (Tenn.

1994). The Byrd employees cite no Tennessee authority supporting their assertion that sexual harassment by an employee on state-controlled property can constitute a "dangerous condition" under section 9–8–307(a)(1)(C). We affirm the holding of the Claims Commission on this issue.

■ In the complaint, the Byrd employees alleged that the University had negligently failed to supervise its employees in such a way as to prevent the alleged sexual harassment and assault, had failed to supervise adequately regarding the laws against sexual harassment, had failed to prevent sexual assault, had failed to maintain a workplace free of inappropriate sexual conduct, and had negligently retained Berry. The Byrd employees argue that the Claims Commission has jurisdiction over their claims of negligent supervision and retention of employees pursuant to section 9–8–307(a)(1)(E), which states that the Claims Commission has jurisdiction over monetary claims against the State due to the "[n]egligent care, custody and control of persons." Tenn.Code Ann. § 9–8–307(a)(1)(E) (1999 & Supp.2003). The Byrd employees argue that because employers have a duty to control their employees, the Claims Commission had jurisdiction to hear the claim of negligent supervision under *Stewart v. State,* 33 S.W.3d 785 (Tenn.2000). (Vol. 1 at 43–44). In *Stewart,* the Tennessee Supreme Court ruled that under section 9–8–307(a)(1)(E), "care, custody, and control" is not limited to persons confined in institutions maintained by the

---

3. The Byrd employees also argued in their response to the motion to dismiss that the allegation of the University's failure to provide adequate security provided the Claims Commission jurisdiction under section 9–8–307(a)(1)(C). However, the complaint does not include allegations of failure to provide security, and the Claims Commission did not address this. To the extend that the Byrd

employees include this as part of the allegation in the complaint that the University maintained dangerous conditions, it is addressed above. However, to the extent that it involves allegations not in the complaint, we will not address it in this appeal, since we are reviewing the order on a motion to dismiss under Rule 12.02, which involves only the allegations in the complaint.

State, but rather may also include a person whom a State official has a legal duty to control, even if the person is not actually within the control of the State official at the time of the incident. *See Stewart,* 33 S.W.3d at 792. In *Stewart* a county deputy sheriff filed a claim with the Claims Commission for injuries suffered while aiding a state trooper at the scene of a crime. The claimant county deputy sheriff argued that the state trooper was negligent in his control of the county deputies, including the claimant and the other deputies at the scene. *See id.* at 789. The county deputies, including the claimant, had moved the vehicle of a person arrested by the state trooper, and the claimant was injured as he started to walk back across the road. *Id.* at 788. The Tennessee Supreme Court reviewed the existing law, noting two categories of claimants who could recover: "An examination of the cases dealing with this grant of jurisdiction ... makes clear that liability may be imposed for injuries to persons confined in penal institutions, residences, or health facilities maintained by the state.... [L]iability may [also] be imposed for injuries to third persons caused by those persons ...." *Id.* at 792. The court then expanded the scope of the Claims Commission's jurisdiction under section 9–8–307(a)(1)(E): "[I]t is difficult to conceive that the legislature intended to deny jurisdiction in cases where negligent control of a person by a state employee resulted in injury, even though the injured person was not actually within the care or custody of the state employee." *Id.* It found, however, that the claimant had not demonstrated that the state trooper had a legal duty to control the county deputies under a statute, under the common law, or by virtue of having assumed such a duty. *Id.* at 793–94.

All of the cases cited interpreting section 9–8–307(a)(1)(E), including *Stewart,*

involve an alleged duty by a state official to exert *physical* control of a person. In contrast, the Byrd employees allege that the Clinic failed to discipline Berry or terminate his employment, i.e. affect his legal status as an employee rather than physically controlling him. The Byrd employees cite no cases which stretch the language in section 9–8–307(a)(1)(B) to include such a situation, and we decline to do so. We affirm the decision of the Claims Commission on its jurisdiction under this section.

■ In the complaint, the Byrd employees also assert a violation of the prohibition against malicious harassment, pursuant to section 4–21–701 of the Tennessee Code Annotated. The Byrd employees argue that the Claims Commission had jurisdiction over this claim under section 9–8–307(a)(1)(N) of the Tennessee Code Annotated, which states that the Claims Commission has jurisdiction to determine a claim against the State for the negligent deprivation of a statutory right. The section requires that the claimant show that the legislature expressly conferred a private right of action against the State. Tenn.Code Ann. § 9–8–307(a)(1)(N) (1999 & Supp.2003). The Claims Commission found that it lacked jurisdiction over this claim, holding: "There is no express private right of action by an individual against the state conferred by this statute."

Section 4–21–701 expressly provides for a private right of action, stating:

Creation of civil action—Damages.—(a) There is hereby created a civil cause of action for malicious harassment.

(b) A person may be liable to the victim of malicious harassment for both special and general damages, including, but not limited to, damages for emotional dis-

tress, reasonable attorney's fees and costs, and punitive damages.

Tenn.Code Ann. § 4–21–701 (1998). This section does not state expressly that it includes a claim against the State. Section 4–21–701, however, is a part of the Tennessee Human Rights Act. Section 4–21–102, the definition provision of the Human Rights Act, expressly defines the term "person" as including a government agency. Tenn.Code Ann. § 4–21–102(14) (1998). The term "government agency" has been interpreted to include a State university. *Roberson v. Univ. of Tenn.*, 912 S.W.2d 746, 747–48 (Tenn.Ct.App. 1995). Thus, since a State university is considered a "person" under the Human Rights Act, and section 4–21–701 expressly grants a right of action against such a "person" for malicious harassment, we conclude that the Claims Commission has jurisdiction over this claim pursuant to section 9–8–307(a)(1)(N). *See* Tenn.Code Ann. § 9–8–307(a)(1)(N) (1999 & Supp. 2003); *Washington v. Robertson County*, 29 S.W.3d 466, 475 (Tenn.2000) (holding governmental entity liable for malicious harassment of its employee under doctrine of respondeat superior). *See also Boyd v. Tenn. State Univ.*, 848 F.Supp. 111, 114 (M.D.Tenn.1994) (interpreting *Roberson v. Univ. of Tenn.*, 1988 WL 74236, at *1 (Tenn.Ct.App. July 19, 1988) as holding that actions against State may be maintained in either Claims Commission or Chancery Court); *Roberson v. Univ. of Tenn.*, 1988 WL 74236, at *1–*3 (Tenn.Ct. App. July 19, 1988).

In the complaint, the Byrd employees also assert claims based on the violation of a number of other statutes. The Claims Commission found that none of those statutes expressly conferred a private right of action against the State. The Byrd employees' brief does not address these findings. The Byrd employees appear to argue that the Claims Commission erred because negligence, harassment, assault, and battery are tort actions created by the State, and because the statute providing for a one-year statute of limitations on actions for libel, personal injury, and false imprisonment purportedly create a private right of action against the state. These arguments are without merit.

■ The complaint also alleges that Berry's statements to the security guard and to members of the sheriff's department regarding Debbie Byrd constituted defamation. The Claims Commission has jurisdiction to hear "claims for libel and/or slander where a state employee is determined to be acting within the scope of employment." Tenn.Code Ann. § 9–8–307(a)(1)(R) (1999 & Supp.2003). The Claims Commission dismissed the claim of defamation because there was no showing of injury to complainants' reputation and because no communication had been made to anyone other than law enforcement officials.

On appeal, Byrd argues that the Claims Commission applied the wrong standard of review in that she was not required to prove injury to reputation at this stage of the litigation. She argues that, since this appeal involves a Rule 12.02(6) motion to dismiss for failure to state a claim, the Claims Commission was required to accept as true the allegations of the complaint.

Although Byrd correctly notes that she is not required to *prove* injury to reputation in response to a Rule 12.02(6) motion to dismiss, she is, of course, required to *allege* injury to reputation in her complaint. Under *Memphis Publishing Co. v. Nichols*, one must "plead and prove injury from the alleged defamatory words." *Memphis Publ'g Co. v. Nichols*, 569 S.W.2d 412, 420 (Tenn.1978); *see also Pate v. Service Merchandise Co.*, 959 S.W.2d

569, 574 (Tenn.Ct.App.1997) ("[D]amages must be shown in all defamation cases."). Byrd failed to do so. Therefore, we must affirm the decision of the Claims Commission dismissing this claim.

Finally, the Byrd employees allege in the complaint that the University unconstitutionally took private property by terminating the contract with Byrd Janitorial and otherwise interfering with their rights under the contract. Section 9–8–307(a)(1)(V) grants the Claims Commission subject matter jurisdiction over the "[u]nconstitutional taking of private property, as defined in § 12–1–202." Tenn.Code Ann. § 9–8–307(a)(1)(V) (1999 & Supp. 2003). Section 12–1–202 defines private property as "real property, or improvements to real property." Tenn.Code Ann. § 12–1–202(2) (1999). The Claims Commission held that it had no jurisdiction over this claim, as it did not involve real property. We agree, and affirm the decision of the Claims Commission to dismiss this claim.

In sum, we reverse the holding of the Claims Commission that it lacked jurisdiction under section 9–8–307(a)(1)(N) over the claim of malicious harassment. The decision of the Claims Commission is affirmed in all other respects.

The decision of the Claims Commission is affirmed in part and reversed in part as set forth above. The cause is remanded for further proceedings not inconsistent with this Opinion. Costs are taxed one-half to the appellants, Debbie Byrd, Lois Stafford and Tabitha Stewart, and one-half to appellee, State of Tennessee, for which execution may issue if necessary.