# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 25, 2014 Session

## ANTONIUS HARRIS ET AL. v. TENNESSEE REHABILITATIVE INITIATIVE IN CORRECTION ET AL.

### Appeal from the Tennessee Claims Commission
#### No. T20121412    Robert N. Hibbett, Claims Commissioner

---

### No. M2013-01858-COA-R3-CV - Filed May 8, 2014

---

Inmates in the custody of the Tennessee Department of Correction who are housed at Riverbend Maximum Security Institution in Nashville, Tennessee, filed various claims related to their "prison jobs," *inter alia*, for wages and damages under the Tennessee Wage Regulation Act, specifically Tenn. Code Ann. §§ 50-2-101 and 50-2-104, and for breach of oral contract, promissory estoppel, unjust enrichment, and conversion. The Tennessee Claims Commission dismissed all of the inmates' claims upon the defendants' Tenn. R. Civ. P. 12.02 (1) and (6) motion to dismiss. We affirm.[1]

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Tennessee Claims Commission Affirmed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Steven Compton, Nolensville, Tennessee, for the appellants, Antonius Harris, Timothy Boyles, Robert Payne, and Randy Mills.

Robert E. Cooper, Jr., Attorney General and Reporter, Joseph F. Whalen, Associate Solicitor General, and Pamela S. Lorch, Senior Counsel, Nashville, Tennessee, for the appellees, Tennessee Rehabilitative Initiative in Correction and Tennessee Department of Correction.

---

[1]In a separate but related proceeding, the same plaintiffs filed a grievance with the Department of Correction and, thereafter, two actions in the Chancery Court for Davidson County, which are the subject of a recent opinion of this court in *Harris v. Tennessee Rehabilitative Initiative in Correction*, No. M2013-00501-COA-R3-CV (Tenn. Ct. App. April 30, 2014).The issues in the two appeals are different and we limit our review to the issue raised in this appeal.

**OPINION**

Claimants are inmates in the custody of the Tennessee Department of Correction and, pursuant to Tennessee Code Annotated § 41-1-402(1), all inmates are required to work. Prior to the events giving rise to this dispute, Claimants were performing printing work for Tennessee Rehabilitative Initiative in Correction ("TRICOR") at Riverbend for which they earned $1.50 per hour. Thereafter, unidentified personnel with TRICOR informed Claimants about a new project, imaging documents at the prison, for which they would be paid $1.00 per hour initially, and after three months, they would receive incentive productivity pay. Claimants agreed to this verbal "offer," but the productivity plan never came to fruition. As a result, Claimants continued to earn $1.00 per hour.

Feeling aggrieved, Claimants filed a Claim for Damages with the Claims Commission alleging violations of the Tennessee Wage Regulation Act ("TWRA"), specifically Tenn. Code Ann. §§ 50-2-101 and 50-2-104, for breach of oral contract, promissory estoppel, unjust enrichment, and conversion by TRICOR and the Tennessee Department of Correction ("Defendants"). Claimants asked for penalties under the TWRA and to collectively recover unpaid wages and profits. Defendants responded with a motion to dismiss under Tenn. R. Civ. P. 12.02(1) and (6).

The Claims Commission dismissed all claims. The Commission concluded that it lacked subject matter jurisdiction over claims based on unwritten contracts; that Claimants failed to state a claim for breach of written contract under Tenn. Code Ann. § 9-8-307(a)(1)(L); and that Claimants failed to state a claim under the TWRA, Tenn. Code Ann. § 9-8-307(a)(1)(N), as inmates are not "employees" within the meaning of §§ 50-2-101, 50-2-104, and 50-2-105. Claimants appeal.

**ANALYSIS**

Lawsuits against the State of Tennessee are permitted under limited circumstances as prescribed by the General Assembly and our courts pursuant to the doctrine of sovereign immunity. Tenn. Const. art. 1, § 17; *Stewart v. State*, 33 S.W.3d 785, 790-91 (Tenn. 2000); *see also* Tenn. Code Ann. § 20-13-102(a). The General Assembly created the Tennessee Claims Commission with exclusive jurisdiction to adjudicate certain specified claims for monetary relief brought against the State for the alleged acts or omissions of state employees. *Stewart*, 33 S.W.3d at 791; Tenn. Code Ann. §§ 9-8-301, 9-8-307. The State retains its immunity for claims which do not fall within these express categories. *Id*.

We review a dismissal by the Claims Commission under Tenn. R. Civ. Pro 12.02(1) and (6) de novo with no presumption of correctness. *Northland Ins. Co. v. State*, 33 S.W.3d

727, 729 (Tenn.2000); *Conley v. State*, 141 S.W.3d 591, 594-95 (Tenn. 2004). A Rule 12 motion tests only the legal sufficiency of the complaint and not the strength of a claimant's proof; therefore, we view the factual assertions in the complaint liberally in favor of the claimant accepting all of the factual allegations as true. *Compare Byrd v. State*, 150 S.W. 3d 414, 417 (Tenn. Ct. App. 2004) (stating standard of review for Claims Commission), *with Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (stating standard of review for state trial court). A claimant's pleadings should be dismissed only if they are unable to prove a set of facts which would entitle them to relief. *Byrd*,150 S.W.3d at 417; *Higdon v. State*, 404 S.W.3d 478, 482 (Tenn. Ct. App. 2013).

When we are tasked with construing a statute such as the TWRA and applying the statute to the facts, it is also question of law which we review de novo. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998); *Hill v. City of Germantown*, 31 S.W.3d 234, 237 (Tenn. 2000).

### I. CLAIMS UNDER THE TENNESSEE WAGE REGULATION ACT

Claimants assert claims pursuant to the TWRA, specifically §§ 50-2-101(b) and 50-2-104. Claimants allege they are "employees" and Defendants failed to inform them, as the TWRA requires, of the amount of wages to be paid for their labor and misrepresented the amount of wages that they were to receive from TRICOR.

The Claims Commissioner held that inmates are not "employees" within the purview of the TWRA; therefore, the TWRA claims were dismissed.

To be an employee within the meaning of the statutory scheme, one is required to be under a contract of hire. *Abrams v. Madison Co. Hwy. Dept.*, 495 S.W.2d 539, 541 (Tenn. 1973). "[A] convict cannot and does not make a true contract of hire with the authorities by whom he is confined. The inducements which might be held out to him, in the form of extra food or even money, are in no sense consideration for an enforceable contract of hire." *Id*. Moreover, the inmates' employment relationship with TRICOR principally serves a rehabilitative purpose; indeed, the stated legislative mission for creating TRICOR work programs is to support inmate rehabilitation and reintegration post-release.[2] *See* Tenn. Code Ann. § 41-22-403.

---

[2]TRICOR is defined Tenn. Code Ann. § 41-22-402(3) to mean the "Tennessee rehabilitative initiative in correction," an apt description denoting the intent of the General assembly as specified in Tenn. Code Ann. § 41-22-403.

Claimants have failed to state a claim arising under the TWRA for which relief can be granted for, as a matter of law, Claimants cannot enter into a contract of hire as employees; thus, they are not employees. *See Abrams*, 495 S.W.2d 539. Accordingly, we affirm the dismissal of the TWRA claims.[3]

## II. ORAL OR IMPLIED CONTRACTS

The Claims Commission ruled it lacked jurisdiction to hear claims premised on an oral or implied contract.

Tenn. Code Ann. § 9-8-307(a)(1)(L) affords the Claims Commission the jurisdiction to hear "actions for breach of a *written contract* between the claimant and the state which was executed by one (1) or more state officers or employees with authority to execute the contract" (emphasis added). No provision of Tenn. Code Ann. § 9-8-307 allows suit for quasi-contractual claims. "Tenn. Code Ann. § 9-8-307(a)(1)(L) is quite clear in requiring a written contract with the State before immunity from suit is removed. The statute is neither ambiguous nor reasonably open to several constructions." *Kay and Kay Contracting, LLC v. Tenn. Dept. of Transp.*, No. E2009-01769-COA-R9-CV, 2010 WL 2553657, at *6 (Tenn. Ct. App. June 25, 2010).

The foregoing notwithstanding, Claimants assert that TRICOR published and posted mandatory policies that the inmates must follow in connection with their prison jobs, and that such postings satisfy the written component of Tenn. Code Ann. § 9-8-307(a)(1)(L). We disagree for the reasons explained in *Computer Shoppe, Inc. v. State of Tennessee*, 780 S.W.2d 729, 735-36 (Tenn. Ct. App. 1989).

As explained in *Computer Shoppe, Inc.,* when the General Assembly first waived sovereign immunity in 1977, it permitted actions premised upon breach of either an express or implied contract. *Id*. at 736. In 1980, the General Assembly eliminated causes of action based upon implied contracts. *Id*. Subsequently, in 1984, the provision was amended to narrow the Claims Commission's jurisdiction to claims founded upon "express contract." *Id*. at 736. In 1989, at the request of the Attorney General, the legislature limited the scope

---

[3]Defendants also argued that the TWRA does not "expressly confer" a private right of action. The Claims Commissioner never reached this issue as dismissal was appropriate on other grounds; therefore, we need not address this issue. Nevertheless, it is worth noting that our legislature recently clarified that the TWRA does *not* confer a private right of action and is only enforceable by the Department of Labor and Workforce. *Compare* Tenn. Code Ann. §§ 50-2-101 *et. seq.* (2012) *with* Tenn. Code Ann. §§ 50-2-101 *et. seq.* (2013); *see also Abadeer v. Tyson Foods, Inc.*, __ F.Supp.2d __, 2013 WL 5498190, at *21-24, (M.D. Tenn. Oct. 3, 2013) (discussing the legislative history of the TWRA and holding this statute has *never* afforded a private right of action).

of this provision even further to allow claims based upon "written contracts" and not oral contracts. *Id*. This "narrow construction" of this statutory provision reflects a "clear legislative intent" to waive sovereign immunity for suit only when there is an express written contract between the State and the claimant(s). *Womble v. State*, No. E2012-01711-COA-R3-CV, 2013 WL 3421925, at *5 (Tenn. Ct. App. July 3, 2013).

Based on the foregoing, the Claims Commission does not have jurisdiction over any oral contract or purported breach of unidentified policies and procedures promulgated by TRICOR. *See id*. Because no written contract existed, Claimants have not pled a cognizable action.

### III. OTHER ISSUES

Claimants asserted a claim based on conversion; however, the claim of conversion against the State is not specifically identified in Tenn. Code Ann. § 9-8-307 as a claim for which the State has waived immunity. The State retains its immunity for claims which do not fall within the express categories for which immunity is removed. *Stewart*, 33 S.W.3d at 791. Thus, the claim of conversion was properly dismissed.

As for the contention the Claims Commission was obliged to conduct a hearing under Tenn. R. Civ. Pro. 56.04, there is no basis for this because a Rule 12.02 dismissal tests the legal sufficiency of a claim and no evidentiary matters outside of the pleadings were considered. *See Estate of Goza v. Wells*, No. W2012-01745-COA-R3-CV, 2013 WL 4766544, at *3 (Tenn. Ct. App. Sept. 4, 2013).

Claimants ambiguously contend that Defendants' Motion to Dismiss was untimely; we find no merit to this contention. After the case was removed from the small-claims docket and transferred to the regular docket, the Claims Commission issued an initial order stating, in part, that Claimants shall file a formal complaint. Claimants failed to do so. Thereafter, on May 6, 2013, the Commission ordered Defendants to file a responsive pleading or answer within 30 days. Defendants timely filed their Rule 12 motion to dismiss on June 4, 2013. We find nothing inappropriate about the procedure.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Claimants.

_____
FRANK G. CLEMENT, JR., JUDGE

-5-