# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 14, 2017 Session

## EDDISON WILLIAMS v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission**
**No. K20141365     William O. Shults, Commissioner**

_____

### No. E2017-00626-COA-R3-CV

_____

This appeal involves the jurisdiction of the Tennessee Claims Commission to hear an action brought by a former medical student, Eddison Williams (claimant), against the Quillen College of Medicine at East Tennessee State University. Claimant alleged that the State, acting through medical school officials, "negligently breached its contractual duties regarding following policies before dismissing [him] on disciplinary grounds." He argued his action stated a claim for "negligent care, custody and control of persons," a category of claims the Commission has jurisdiction to hear under Tenn. Code Ann. § 9-8-307(a)(1)(E) (Supp.2017). The Commission concluded it had no subject matter jurisdiction. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

George T. Underwood, Jr., Knoxville, Tennessee, for the appellant, Eddison Williams.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Melissa Brodhag, Senior Counsel, Nashville, Tennessee, for the appellee, State of Tennessee.

1

# I.

Claimant was dismissed from the medical school on January 16, 2014. On August 7, 2014, he filed his complaint against the State, ETSU, and Dr. Kenneth E. Olive, Executive Associate Dean for Academic and Faculty Affairs at the medical school, in his official capacity. Claimant alleged that his "permanent dismissal was negligently done by Defendant without a hearing or other university procedures required by the catalog and student hand book." Specifically, the complaint alleges:

> The Defendants failed to comply with the due process procedures adopted by E.T.S.U. in its James H. Quillen College of Medicine Student Handbook Student's BILL OF RIGHTS and the due process requirements of the Tennessee Board of Regents and such failures constituted negligence and breach of contract.

(Capitalization in original.)

After extensive discovery, the Commission granted the State's motion to dismiss for lack of subject matter jurisdiction. The Commission ruled that claimant's action did not fall within the ambit of Tenn. Code Ann. § 9-8-307(a)(1)(E), which provides jurisdiction for monetary claims against the State based on the acts or omissions of its employees falling within the category of "negligent care, custody and control of persons." Claimant timely filed a notice of appeal.

# II.

The issue presented is whether the Tennessee Claims Commission correctly determined it did not have subject matter jurisdiction because the complaint did not state a claim for the negligent care, custody or control of persons, based on the actions or omissions of a state employee, as provided by Tenn. Code Ann. § 9-8-307(a)(1)(E).

# III.

"The jurisdiction of the Claims Commission is a question of law that we review de novo with no presumption of correctness." *Mullins v. State*, 320 S.W.3d 273, 278 (Tenn. 2010) (citing *Stewart v. State*, 33 S.W.3d 785, 791 (Tenn. 2000)). The Commission made numerous findings of fact in its judgment. Neither party challenges any of these findings as erroneous or unsupported by the preponderance of the evidence. In his brief, claimant cites and relies upon many of these facts to support his argument that state officials negligently and unfairly dismissed him from medical school. However, the facts

2

presented are largely irrelevant to the analysis required here, except to the extent that they illumine whether the claim can be construed as falling within the statutory category of "negligent care, custody and control of persons."

## IV.

This action involves the question of whether the State has removed its sovereign immunity from such a lawsuit. As this Court observed in a case addressing this same question,

> the State retains immunity for all claims except those claims enumerated in Tenn. Code Ann. § 9-8-307(a). Stated another way, "the Claims Commission lacks subject matter jurisdiction and has no authority to hear any claims that fall outside the categories enumerated in section 9-8-307(a)." *Mullins*, 320 S.W.3d at 279.

*In re Demitrus M.T.*, No. E2009-02349-COA-R3-CV, 2011 WL 863288, at *14 (Tenn. Ct. App., filed Mar. 14, 2011); *see also Hale v. State*, No. E2016-00249-COA-R3-CV, 2017 WL 445147, at *5 (Tenn. Ct. App., filed Feb. 2, 2017). Tenn. Code Ann. § 9-8-307 provides as follows:

> (a)(1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of "state employees," as defined in § 8-42-101, falling within one (1) or more of the following categories:
>
> *       *       *
>
> (E*) Negligent care, custody and control of persons*[.]

(Emphasis added.) In *Mullins*, the Supreme Court, construing subsection (E), provided the following guidance regarding the interpretation of this statute:

> The legislature made its intent clear in the 1985 amendment to the Act by stating: "[i]t is the intent of the general assembly that the jurisdiction of the claims commission be liberally construed to implement the remedial purposes of this legislation." Act of March 25, 1985, ch. 105, § 1, 1985 Tenn. Pub. Acts 154, 154 (codified at Tenn. Code Ann. § 9–8–

307(a) (Supp.1985)); *see also* **Hembree v. State**, 925 S.W.2d 513, 516 (Tenn. 1996). This is contrary to the general rule that statutes permitting lawsuits against the State "are in derogation of the state's inherent exemption from suit and must be strictly construed." **Beare Co. v. Olsen**, 711 S.W.2d 603, 605 (Tenn. 1986); *see* **State ex rel. Allen v. Cook**, 171 Tenn. 605, 106 S.W.2d 858, 860–61 (1937).

In **Stewart** [*v. State*, 33 S.W.3d 785 (Tenn. 2000)], we observed that courts should defer to the expressed intention of the legislature that a waiver of sovereign immunity be liberally construed "in cases where the statutory language legitimately admits of various interpretations," but also cautioned that

> [a] policy of liberal construction of statutes, however, only requires this Court to give "the most favorable view in support of the petitioner's claim," **Brady v. Reed**, 186 Tenn. 556, 563, 212 S.W.2d 378, 381 (1948), and such a policy "does not authorize the amendment, alteration or extension of its provisions beyond [the statute's] obvious meaning." **Pollard v. Knox County**, 886 S.W.2d 759, 760 (Tenn. 1994). Moreover, "[w]here a right of action is dependent upon the provisions of a statute . . . we are not privileged to create such a right under the guise of a liberal interpretation of it." **Hamby v. McDaniel**, 559 S.W.2d 774, 777 (Tenn. 1977).

33 S.W.3d at 791 (alterations in original). Similarly, in **Northland Insurance Co.** [*v. State*, 33 S.W.3d 727 (Tenn. 2000)], this Court, recognizing "the principle that a waiver of sovereign immunity must be clear and unmistakable," observed that "[a] liberal construction of an existing category . . . is a different proposition than a construction creating a *new* category." 33 S.W.3d at 728, 730.

320 S.W.3d at 279 (emphasis in original).

The Commission, in its final judgment, stated that "[n]either party argues, and the Commission certainly agrees, that [claimant] was ever under the <u>care or custody</u> of the State as contemplated by Tenn. Code Ann. § 9-8-307(a)(1)(E)." (Underlining in original.) Although the legislature used the conjunctive word "and" in the language of the statute, the Supreme Court has clarified that

> Following the legislative mandate to liberally construe the jurisdiction of the commission to implement the remedial purposes of the act, we interpreted section 9–8–307(a)(1)(E) in the disjunctive rather than the conjunctive . . . We concluded that pursuant to section 9–8–307(a)(1)(E) the Claims Commission had jurisdiction to hear a claim against the State where the state employee alleged to be negligent had a "legal duty to control . . . irrespective of whether he had actual care and custody . . . if he was negligent in the fulfillment of that duty."

*Mullins*, 320 S.W.3d at 281 (quoting *Stewart*, 33 S.W.3d at 794); *see also In re Demitrus M.T.,* 2011 WL 863288, at *16 ("The proper inquiry is whether the State's involvement is such that it may be fairly said to have exercised *either* care, custody, *or* control") (emphasis in original). In the present case, we are dealing with a claim that the State had sufficient "control" of claimant, because he did not argue that he was in the State's custody or care. The factor that there was no "custody" or "care" involved is not determinative, but it is pertinent to the analysis, because the *Mullins* Court also recognized that "[t]he concept of 'custody' is closely intertwined with the concepts of responsibility for 'care' and 'control.' " *Id.* at 280.

Claimant's argument is that the State employees, officers of the ETSU Quillen medical school, had control over his future medical career, in that they controlled his enrollment status in the school, and determined whether he would be awarded a medical degree. He further asserts that ETSU assumed a duty to control its employees in a manner that comports with the student handbook and the university's policies and procedures. Some of his claims are couched in terms of a violation of his due process. To the extent that they could be construed as stating a claim for a constitutional due process violation, the Commission has no subject matter jurisdiction over such a claim. *See, e.g., Shell v. State*, 893 S.W.2d 416, 418 (Tenn. 1995).

Regarding claimant's argument that the medical school had a duty to control its employees in a non-negligent manner, this Court addressed a similar argument in *Byrd v. State*, 150 S.W.3d 414, 419-20 (Tenn. Ct. App. 2004), stating:

5

The Byrd employees argue that because employers have a duty to control their employees, the Claims Commission had jurisdiction to hear the claim of negligent supervision under *Stewart v. State*, 33 S.W.3d 785 (Tenn. 2000). In *Stewart*, . . . [t]he Tennessee Supreme Court reviewed the existing law, noting two categories of claimants who could recover: "An examination of the cases dealing with this grant of jurisdiction . . . makes clear that liability may be imposed for injuries to persons confined in penal institutions, residences, or health facilities maintained by the state. . . . [L]iability may [also] be imposed for injuries to third persons caused by those persons . . . ." *Id*. at 792. The [C]ourt then expanded the scope of the Claims Commission's jurisdiction under section 9–8–307(a)(1)(E): "[I]t is difficult to conceive that the legislature intended to deny jurisdiction in cases where negligent control of a person by a state employee resulted in injury, even though the injured person was not actually within the care or custody of the state employee." *Id*. It found, however, that the claimant had not demonstrated that the state trooper had a legal duty to control the county deputies under a statute, under the common law, or by virtue of having assumed such a duty. *Id*. at 793–94.

All of the cases cited interpreting section 9–8–307(a)(1)(E), including *Stewart*, involve an alleged duty by a state official to exert *physical* control of a person. In contrast, the Byrd employees allege that the Clinic failed to discipline Berry or terminate his employment, *i.e.* affect his legal status as an employee rather than physically controlling him. The Byrd employees cite no cases which stretch the language in section 9–8–307(a)(1)[E] to include such a situation, and we decline to do so.

(Emphasis in original). In the present case, claimant is likewise arguing that he was impacted by control of his legal status as a medical student, not physical control of his person. As we concluded in *Byrd*, even granting the statutory language at issue a liberal construction in favor of jurisdiction, we hold that it cannot be reasonably "stretched" so far as to encompass the present situation. Claimant's cause of action does not arise out of the care, custody, or control of a person by a State employee. Consequently, the Claims Commission's determination that it had no subject matter jurisdiction must be affirmed.

6

**V.**

The judgment of the Claims Commission is affirmed. Costs on appeal are assessed to the appellant, Eddison Williams.


_____
CHARLES D. SUSANO, JR., JUDGE