DEJA VU OF NASHVILLE, INC. et al.

v.

The METROPOLITAN GOVERN-
MENT OF NASHVILLE AND
DAVIDSON COUNTY et al.

Court of Appeals of Tennessee.
Middle Section, at Nashville.

Submitted on Briefs June 12, 2009.

Oct. 12, 2009.

Permission to Appeal Denied by
Supreme Court April 23, 2010.

See also, 274 F.3d 377, 466 F.3d 391.

---

Bob Lynch, Nashville, Tennessee, and Bradley J. Shafer, Lansing, Michigan, for the appellants, Deja Vu of Nashville, Inc., d/b/a Deja Vu, Meroney Entertainment, Inc., d/b/a Ken's Gold Club, D.F. Group, Inc. d/b/a Anthony's Showplace, and Stephanie's Cabaret of Tennessee, LLC d/b/a Stephanie's Cabaret, Jane Doe I and Jane Doe II.

Francis H. Young, Nashville, Tennessee, for the appellee, The Metropolitan Government of Nashville and Davidson County, et al.

## OPINION

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Appeal from the dismissal of Plaintiffs' claims on a Tenn. R. Civ. P. 12.02(6) Motion to Dismiss for failure to state a claim upon which relief can be granted. Plaintiffs, several sexually oriented businesses and two exotic dance entertainers, filed suit against the Metropolitan Government of Nashville and Davidson County and the Metropolitan Sexually Oriented Business Licensing Board challenging Chapter 6.54 of the Metropolitan Code of Laws, which governs the licensing and regulation of sexually oriented businesses. Plaintiffs alleged that the Ordinance was unconstitutional, both facially and as applied, under the Tennessee Constitution for, *inter alia,* violations of their rights to free speech, expression, privacy, association, equal protection, and due process. Two years after their first Motion to Dismiss was denied, Defendants filed a Renewed Motion to Dismiss, which the trial court granted. This appeal followed. We affirm the dismissal of Plaintiffs' claims as Plaintiffs have asserted no factual allegations which support an "as applied" constitutional challenge to the Ordinance, nor have they alleged any basis for a facial challenge to the Ordinance other than vague, conclusory legal statements.

Chapter 6.54 of the Metropolitan Code of Laws, which pertains to the licensing and regulation of "sexually oriented" businesses, has been the subject of several challenges by various plaintiffs in state and federal courts. Chapter 6.54 (the "Ordinance"), which was originally enacted in 1997, has also undergone numerous revisions. The plethora of litigation and appeals challenging the Ordinance regarding the same or substantially similar issues prompted the Sixth Circuit Court of Appeals, in the court's third opinion regarding challenges to the Ordinance, to quote the legendary Yogi Berra who said, "it's 'like deja vu all over again.'" *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Co.,* 466 F.3d 391 (6th Cir. 2006).[1]

The present challenge to the Ordinance was initiated in the federal court by Deja Vu, Inc. and Meroney Entertainment, Inc.,

---

1. The Court was quoting YOGI BERRA, *available at http://www.quotationspage.com/quote/27219.html* and JOHN FOGERTY, *Deja Vu (All Over Again),* on DEJA VU ALL OVER AGAIN (Geffen Records 2004). *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Co.,* 466 F.3d 391 (6th Cir.2006).

two of the plaintiffs in this action, along with two other corporations, two owner/operators, and two dancers. In the federal action, Plaintiffs sought to enjoin the enforcement of the Ordinance on the ground that it failed to provide prompt judicial review of licensing decisions by the Sexually Oriented Business Licensing Board. *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Co. ("Deja Vu I"),* 274 F.3d 377, 386 (6th Cir.2001). A separate set of plaintiffs filed a separate action asserting the same grounds as the Deja Vu plaintiffs, as well as a claim that the civil disability provision of the Ordinance violated the First Amendment.[2] *Id.* Thereafter, the Deja Vu plaintiffs then filed a second motion for a preliminary injunction asserting various constitutional challenges to the Ordinance.[3] *Id.* Another injunction preventing the Ordinance's enforcement was granted based upon the federal district court's determination that the Ordinance's definitions of "sexually oriented" and "sexually oriented theater," the civil disabilities provision, the disclosure provision, and the fee amounts were unconstitutional. *Id.*

The Sixth Circuit Court of Appeals issued its first opinion regarding the Ordinance in 2001, affirming the district court's findings that the definition of "sexually oriented" was unconstitutional under the First Amendment, that the definitions of "sexually oriented business/establishment" and "sexually oriented theater" were constitutional, and that the no touch/buffer zone provision satisfied the First Amend-

ment. *Id.* at 403. The Sixth Circuit Court also held that the civil disabilities provision, the disclosure provision, and the fee amounts within the Ordinance were unconstitutional, and reversed the district court's determination that the judicial review procedures satisfied the requirements under the First Amendment. *Id.* The case was then remanded to the district court with instructions that the injunction remain in effect until Metro satisfied the constitutional inadequacies. *Id.*

In April 2005, after the Ordinance was amended to comply with the ruling by the Sixth Circuit Court, the injunction was dissolved by the district court based upon the finding that the amended definition of "sexually oriented" was not overbroad and that it complied with the First Amendment. The district court also found that the judicial review provisions as amended provided prompt judicial review, as required by the First Amendment.[4] Thereafter, in December 2005, the injunction was lifted. *Deja Vu III,* 466 F.3d at 394.

The federal litigation continued, however, as the dissolution of the injunction was appealed to the Sixth Circuit. The Sixth Circuit Court of Appeals issued its third opinion in October 2006 affirming the district court's finding that the constitutional problems with the Ordinance had been rectified and the dissolution of the injunction. *Id.* at 398. The Sixth Circuit also rejected the claim that the district court had improperly dismissed the plaintiffs' complaint without a trial on the merits stating

---

2. A preliminary injunction was issued based upon the failure of the Ordinance to provide prompt judicial review. After the Metropolitan Government subsequently amended the Ordinance, the injunction was dissolved. *"Deja Vu I,"* 274 F.3d at 386.

3. The plaintiffs preserved the right to assert these constitutional claims. *"Deja Vu I,"* 274 F.3d at 386.

4. Prior to the district court's dissolution of the permanent injunction, the Sixth Circuit heard oral arguments in regards to attorney's fees and issued an opinion, known as *Deja Vu II,* pertaining solely to attorney's fees. *See Deja Vu v. Metro. Gov't of Nashville & Davidson Co. (Deja Vu II),* 421 F.3d 417 (6th Cir.2005).

[t]he district court's memorandum granting Deja Vu's preliminary injunction concluded that Metro enacted the ordinance "to promote the health, safety, morals and general welfare of the citizens of Metropolitan Nashville Davidson County," which effectively mooted Deja Vu's discovery motion. Second, and more fundamentally, Deja Vu is not entitled to discovery regarding secondary effects. We have followed the Supreme Court in deferring to local governments' conclusions regarding whether and how their ordinances address adverse secondary effects of adult-oriented establishments. It is clear, for instance, that a local government does not need localized proof of adverse secondary effects in order to regulate adult establishments. *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 51–52, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986); *DLS, Inc. v. City of Chattanooga*, 107 F.3d 403, 411 (6th Cir.1997) (quoting *Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 582–84, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991) (Souter, J., concurring in the judgment)). Similarly, all that is needed to justify a regulation is a reasonable belief that it will help ameliorate such secondary effects. *Deja Vu of Cincinnati, L.L.C. v. Union Township Bd. of Trustees*, 411 F.3d 777, 790 (6th Cir.2005) (en banc) (quoting *Richland Bookmart, Inc. v. Nichols*, 137 F.3d 435, 440 (6th Cir. 1998)). Deja Vu offers no authority entitling it to undermine this deference through discovery.

*Id.*

Litigation over the Ordinance continued, however, as the plaintiffs found it neces-sary to commence this action in the state court when the federal district court ruled that it would not consider the pendant claims that were based on alleged violations of Tennessee's constitution.[5] This action was filed in the Davidson County Circuit Court on January 25, 2006. The plaintiffs are several sexually oriented businesses, Deja Vu, Inc., Meroney Entertainment, Inc., and Stephanie's Cabaret of Tennessee, LLC, as well as two unnamed exotic entertainers referred to as Jane Doe I and Jane Doe II (hereinafter "Plaintiffs"). The defendants in this action are the Metropolitan Government for Nashville and Davidson County and the Metropolitan Sexually Oriented Businesses Licensing Board (collectively referred to as "the Metropolitan Government"). In this action Plaintiffs challenge the constitutionality of Chapter 6.54 under the Tennessee Constitution, both facially and as applied. The complaint contains thirty-five separate paragraphs in which Plaintiffs allege various violations of freedom of speech, freedom of expression, freedom of association, due process, equal protection, the right to privacy, as well as asserting a regulatory "takings" claim and a claim that the ordinance violated state constitutional protections against unreasonable searches and seizures.[6]

On January 31, 2006, the Metropolitan Government filed a motion to dismiss, which the trial court denied. An evidentiary hearing was held on February 14, 2006, to address Plaintiffs' request for a temporary injunction, which was denied.[7] The case was dormant for the next two

---

**5.** The federal complaint had alleged violations of both the U.S. and Tennessee Constitutions, however, the federal courts declined to exercise supplemental jurisdiction over any state law claims.

**6.** Plaintiffs also sought a restraining order and temporary injunction against the enforcement of the Ordinance.

**7.** A motion for interlocutory appeal was granted by the trial court, which the Tennes-

years.[8] On February 8, 2008, the Metropolitan Government filed a renewed motion to dismiss alleging, under Tenn. R. Civ. P. 12.02(6), that Plaintiffs failed to state a claim upon which relief could be granted. In its renewed motion, the Metropolitan Government alleged that recent opinions issued by the Tennessee courts demonstrated that there was no basis for Plaintiffs' claims. The trial court granted the motion to dismiss on March 18, 2008 and dismissed all causes of actions asserted by Plaintiffs. In its Memorandum and Opinion, the trial court found that the claims asserted by Plaintiffs were merely a "relabeling" of their freedom of speech and freedom of expression claims, which were litigated in the federal courts. The trial court found that the Tennessee Constitution provided no greater protection for regulations on adult entertainment and adult-oriented establishments, and, therefore, there was no basis for Plaintiffs' claims under state law. Plaintiffs filed a timely appeal.

### Standard of Review

■ The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to determine whether the pleadings state a claim upon which relief can be granted. A Rule 12 motion only challenges the legal sufficiency of the complaint. It does not challenge the strength of the plaintiff's proof. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn.1999). In reviewing a motion to dismiss, we must liberally construe the complaint, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. *See Pursell v. First American National*

*Bank*, 937 S.W.2d 838, 840 (Tenn.1996); *see also Trau–Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696–97 (Tenn. 2002). Thus, a complaint should not be dismissed for failure to state a claim *unless* it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. (emphasis added) *See Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn.1999); *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847, 848 (Tenn.1978). Making such a determination is a question of law. Our review of a trial court's determinations on issues of law is de novo, with no presumption of correctness. *Frye v. Blue Ridge Neuroscience Center, P. C.*, 70 S.W.3d 710, 713 (Tenn.2002); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn.2000); *Ganzevoort v. Russell*, 949 S.W.2d 293, 296 (Tenn.1997).

### Analysis

In the complaint Plaintiffs allege that the Ordinance, as amended, violates Article I, Sections 1, 2, 3, 7, 8, 17, 19, 21 and 23, and Article XI, Sections 8 and 16 of the Tennessee Constitution, both facially and as applied. The complaint lists thirty-five reasons, i.e., "causes of action," in which the Ordinance is unconstitutional.

### The "As Applied" Challenges

■ We have determined that Plaintiffs failed to state any "as applied" constitutional claims upon which relief may be granted because Plaintiffs assert no facts to support their claims.

Tennessee Rule of Civil Procedure 8.01 requires that a pleading which sets forth a claim for relief "shall contain: (1) a short

see Supreme Court denied on November 20, 2006.

**8.** The trial court issued an order on August 31, 2007 dismissing the action for failure to

prosecute; however, following a motion by Plaintiffs to set aside the dismissal, the action was reinstated.

and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded." Further, as it pertains to statutes, ordinances and regulations, Tenn. R. Civ. P. 8.05, which is entitled "Pleading to Be Concise and Direct—Statutes, Ordinances and Regulations—Consistency," requires:

> (1) Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required. Every pleading stating a claim or defense relying upon the violation of a statute shall, in a separate count or paragraph, *either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged.* The substance of any ordinance or regulation relied upon for claim or defense shall be stated in a separate count or paragraph and the ordinance or regulation shall be clearly identified. *The manner in which violation of any statute, ordinance or regulation is claimed shall be set forth.*

Tenn. R. Civ. P. 8.05 (emphasis added).

The following are examples of Plaintiffs' "as applied" challenges to the Ordinance as stated in the Complaint:

> o. the Ordinance, as applied, violates the due process clauses of the Tennessee Constitution, in that Metro has enforced the provisions of the Ordinance in an unequal fashion, with certain businesses targeted by the police and other businesses being left alone.

> r. The Ordinance violates the Tennessee Constitution in that its provisions

effectively amount to a taking of property without just compensation.

As each clearly reveals, the claims are devoid of any facts upon which to determine whether an "as applied" challenge in fact exists. As opposed to facts, Plaintiffs merely assert broad and vague accusations and legal conclusions.

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548–549 (6th Cir. Ohio 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (internal citations omitted) (addressing the requirements necessary to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)); [9] *see also Polite v. Metropolitan Development and Housing Agency,* No. M2007–02472–COA–R3–CV, 2008 WL 3982915, at *3 (Tenn.Ct.App. Aug. 26, 2008) ("Alleging mere conclusions, such as the board exceeded its authority, failed to follow the applicable statutes, or violated the plaintiff's legal rights, is not sufficient to state a claim for which relief can be granted.").

The United States Supreme Court's decision in *Bell Atlantic Corporation v. Twombly,* further noted the relevance of the pleading requirements set forth in Fed.R.Civ.P. 8 when examining whether a

---

9. Fed.R.Civ.P. Rule 12(b)(6), like our rule, provides for dismissal upon "the failure to state a claim upon which relief can be granted."

complaint stated a claim upon which relief could be granted:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. *See* 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

*Twombly*, 550 U.S. at 555 n. 3, 127 S.Ct. 1955; *see also Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").[10]

In their complaint, Plaintiffs provide no facts to support their "as applied" claims; instead they provide little more than averments showing that they want relief and that they believe they are entitled to relief. They also fail to satisfy the minimal pleading requirements by not citing to specific provisions of the Ordinance that allegedly violate the Tennessee Constitution as applied to Plaintiffs. Because of these deficiencies, we find that Plaintiffs have failed to state any "as applied" constitutional claims upon which relief can be granted. Therefore, we affirm the trial court's dismissal of these claims under Tenn. R. Civ. P. 12.02(6).

### THE "FACIAL" CHALLENGES

■■■ Plaintiffs generally and repeatedly assert that the Ordinance violates the Tennessee Constitution on its face. When making a facial challenge to a statute or ordinance, a plaintiff must demonstrate that there are "no set of circumstances ... under which the act would be valid." *Davis–Kidd Booksellers, Inc. v. McWherter*, 866 S.W.2d 520, 525 (Tenn. 1993) (quoting *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)). In stating their "reasons" for constitutional violations, Plaintiffs fail to cite to the specific provisions of the Ordinance they contend are invalid on their face. For example, one paragraph states that "[t]he Ordinance violates the privacy and liberty interests of the citizens of Metro in violation of the Tennessee Constitution." What Plaintiffs failed to identify is which specific section or subsection they are referring to.

Another example is Plaintiffs' allegation which states that

> the Ordinance is so vague in its definitions and undefined terms as to what is included and what is excluded so that the definition and terms are too nebulous, too lacking in definite terms and too vague to inform men of common intelligence what is excluded and what is exempted from the penalties and proscriptions of the Ordinance and is void under the equal protection, due process and free expression provisions of the Tennessee Constitution.

---

**10.** The United States Supreme Court opinion in *Ashcroft v. Iqbal* has not yet been officially published; thus, the citation is limited to the Supreme Court Reporter.

Ironically, we find Plaintiffs' assertion too vague and nebulous to support a claim upon which relief can be granted.

It is significant to note that "the Ordinance" contains, *inter alia,* thirty-five definitions. Some of these definitions have been challenged in the federal courts, some have been challenged in Tennessee courts, and several of the definitions, as amended, have survived constitutional challenges. Plaintiffs failed to identify which of the thirty-five definitions they contend to be facially invalid under the Tennessee Constitution.

As we held in the previous section, the pleading requirements set forth in Tenn. R. Civ. P. 8.05 have not been met and Plaintiffs have failed to demonstrate in their facial challenge to "the Ordinance" that there are "no set of circumstances" under which the Ordinance would be valid. *See Davis–Kidd Booksellers, Inc.,* 866 S.W.2d at 525; *see also Salerno,* 481 U.S. at 745, 107 S.Ct. 2095. Clearly, such is not the case, as several provisions have been held valid by this court. For example, in *Entertainer 118 and Meroney Entertainment, Inc. d/b/a Ken's Gold Club v. Metro-politan Sexually Oriented Business Licensing Board,* No. M2008–01994–COA–R3–CV, 2009 WL 2486195, at *6 (Tenn.Ct. App. Aug. 14, 2009), the definition of "sexually oriented entertainment" contained within the Ordinance was challenged and we determined that it was not unconstitutionally vague. *Id.*[11]

Accordingly, Plaintiffs have failed to state a claim upon which relief concerning their facial challenges to the constitutionality of the Ordinance can be granted.

### In Conclusion

We affirm the dismissal of Plaintiffs' claims under Tenn. R. Civ. P. 12.02(6) and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against Appellants/Plaintiffs.

---

**11.** We also note that claims by some of the plaintiffs would be barred from further challenge on the grounds of *res judicata* or collateral estoppel. In *Entertainer 118,* 2009 WL 2486195, at *6 n. 19 (Tenn.Ct.App. Aug. 14, 2009), we found that Meroney Entertainment, referred to as Ken's Gold Club, was barred by *res judicata* from asserting certain challenges as it was a party to the federal litigation.