# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 27, 2009 Session

## AMANDA STEELE, ET AL. v. MICHAEL RITZ

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-004560-07     Kay S. Robilio, Judge**

---

**No. W2008-02125-COA-R3-CV - Filed December 16, 2009**

---

The plaintiffs/appellants in this lawsuit, an adult cabaret and three female employees of adult entertainment businesses and cabarets, filed a defamation suit against a county commissioner for a statement allegedly quoted in The Commercial Appeal and repeated at other venues.[1] The county commissioner raised several defenses to the plaintiffs' claim in a motion to dismiss or, in the alternative, for summary judgment. On consideration of the motion to dismiss, the trial court found as a matter of law that the plaintiffs could not prove their claim and dismissed their complaint. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Edward M. Bearman, Memphis, Tennessee, for the appellants, Amanda Steele, Yolanda Spinks, Shonda Jones, and Tennessee Entertainment Concepts, Inc.

Brian L. Kuhn, Shelby County Attorney, Robert B. Rolwing, Assistant County Attorney and Christy L. Kinard, Assistant County Attorney, for the appellee, Michael Ritz.

## OPINION

On September 6, 2007, an adult cabaret and three female employees of adult entertainment businesses and cabarets in Shelby County filed suit against Shelby County Commissioner Michael Ritz ("Commissioner Ritz"). The plaintiffs alleged that Commissioner Ritz was quoted as stating that "almost without exception, these girls were sexually abused by a family member . . . and have an addiction to drugs or alcohol . . . these clubs feed on that. It is a vicious cycle." The plaintiffs further alleged that the repeated publication of this statement in The Commercial Appeal and other

---

[1]The Commercial Appeal is not a party to this lawsuit.

venues constituted defamation and defamation per se, which caused the plaintiffs unspecified damages.[2] Importantly, the plaintiffs' complaint did not allege that the plaintiffs were the girls or clubs referenced in the alleged defamatory statement.

Commissioner Ritz moved to dismiss the plaintiffs' complaint or, in the alternative, for summary judgment asserting, *inter alia*, that the plaintiffs failed to state a claim upon which relief could be granted. The parties agreed to limit arguments at the initial hearing on Commissioner Ritz's motion to the question of whether the plaintiffs failed to state a claim for defamation. After considering the arguments of counsel, the trial court concluded as a matter of law that the words complained of were insufficient to support a claim of defamation. In its findings of fact and conclusions of law, the court expressly relied on what it termed the "Group Libel Rule":

> Under the Group Libel Rule, plaintiffs must allege that they were individually named in the alleged defamatory statements. Statements that are used broadly concerning the members of a class or group, absent other circumstances specifically pointing to a particular member, are not a sufficient basis for one member to have a cause of action for libel or slander.

The court found that Commissioner Ritz did not defame the plaintiffs because he did not identify them by name in the alleged defamatory comments. The court additionally held that the alleged statements reflected a general perception held by Commissioner Ritz and expressed a non-actionable opinion. The court consequently dismissed the plaintiffs' complaint and this appeal ensued.

The sole issue before this Court is whether the trial court erred when it dismissed the plaintiffs' complaint for failure to state a claim upon which relief could be granted. The Tennessee Supreme Court has stated the standard of review for claims dismissed pursuant to Tennessee Rule of Civil Procedure 12.02(6) thus:

> A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. In reviewing a motion to dismiss, the appellate court must

---

[2]This Court has held that a plaintiff must allege and prove injury as a result of a defamatory statement. *Byrd v. State*, 150 S.W.3d 414, 421-22 (Tenn. Ct. App. 2004). Commissioner Ritz argues that the plaintiffs' complaint does not sufficiently assert an injury as a result of the alleged defamatory statement, but instead relies on an allegation of defamation per se, which no longer exists as a separate cause of action in Tennessee. The allegation at issue states that "[a]ll plaintiffs assert that all comments made by Mr. Ritz in the Memphis Commercial Appeal and in other public venues constitute defamation and defamation per se which has caused the Plaintiff's [sic] damages." We agree that the distinction between defamation *per se* and defamation *per quod* is no longer viable. *See Memphis Publ'g Co. v. Nichols*, 569 S.W.2d 412, 420 (Tenn. 1978) ("The plaintiff must plead and prove injury from the alleged defamatory words, whether their defamatory meaning be obvious or not."); *Pate v. Service Merchandise Co.*, 959 S.W.2d 569, 573-74 (Tenn. Ct. App. 1997) ("[D]amages must be shown in all defamation cases."). Our resolution of the case, however, makes it unnecessary to determine whether the plaintiffs sufficiently pleaded damages.

construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." We review the trial court's legal conclusions *de novo* without giving any presumption of correctness to those conclusions.

*Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696-97 (Tenn. 2002) (citations omitted). It is with this standard in mind that we address the arguments of counsel.[3]

The trial court's analysis of Commissioner Ritz's motion to dismiss raises several important questions of law: (1) whether the alleged statement in this case is a non-actionable opinion, actionable opinion that implies false or defamatory facts, or actionable statement of false or defamatory facts; (2) whether, and under what circumstances, members of a defamed group may recover for comments directed at the group; and (3) whether, and under what circumstances, a corporation or business enterprise may recover for defamation. Resolution of these issues, however, is ultimately unnecessary. Plaintiffs' complaint is insufficient to state a claim against Commissioner Ritz because it fails to allege an indispensable element of the tort of defamation. As a result, all other issues are pretermitted.

---

[3]The Middle Section of this Court has recently applied a standard of review in Rule 12.02(6) cases that comports with the decision of the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which addressed the applicable standard of review in analogous federal cases. *See Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville and Davidson County*, No. M2008-01393-COA-R3-CV, 2009 WL 3270195, at *4-5 (Tenn. Ct. App. Oct. 12, 2009) (citations omitted); *Hermosa Holdings, Inc. v. Mid-Tennessee Bone and Joint Clinic, P.C.*, No. M2008-00597-COA-R3-CV, 2009 WL 711125, at *3 (Tenn. Ct. App. Mar. 16, 2009) (citation omitted). The Middle Section has found the following excerpt from *Twombly* consistent with Tennessee law and therefore applicable in cases before it:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations; . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level."

*Hermosa Holdings*, 2009 WL 711125, at *3 (alteration in original) (quoting *Twombly*, 550 U.S. at 555 (citations omitted)). The Middle Section's recent approach is a departure from its position in *State District Council of Laborers v. Brukardt*, No. M2007-02271-COA-R3-CV, 2009 WL 426237 (Tenn. Ct. App. Feb. 19, 2009). *Compare Hermosa Holdings*, 2009 WL 711125, at *3 ("Although the Tennessee Supreme Court has not adopted the standard announced in Twombly, we find it consistent with Tennessee law and therefore recognize its applicability."), *with Brukardt*, 2009 WL 426237, at *7 ("While there are valid arguments in favor of this standard, it has not been adopted in Tennessee, and this Court is not in a position to adopt the stricter Twombly standard."). The present case does not require us to consider whether we concur in the adoption of the more stringent standard set forth in *Twombly* absent guidance from the Tennessee Supreme Court.

Our review of the case law applicable to defamation, whether it be slander or libel, shows that in order to establish a prima facie case of defamation a plaintiff must establish that the defendant communicated defamatory matter to a third person with knowledge of its falsity or defamatory nature to the plaintiff, reckless disregard for the truth of the statement, or negligence in failing to ascertain the truth of the statement. *Sullivan v. Baptist Memorial Hospital*, 995 S.W.2d 569, 571 (Tenn. 1999) (citing Restatement (Second) of Torts § 580B (1977); *Press, Inc. v. Verran*, 569 S.W.2d 435, 442 (Tenn. 1978)); *see also* Restatement (Second) of Torts § 558 (1977). A plaintiff must also allege and prove that the defaming party communicated a false or defamatory statement concerning the plaintiff. *See Pate v. Service Merchandise Co.*, 959 S.W.2d 569, 573 (Tenn. Ct. App. 1997) (citation omitted); *see also* 50 Am. Jur. 2d *Libel and Slander* § 417, at 810 (2006); Thomas F. Daly, *Defamation*, *in* 19 Am. Jur. Trials 499, 537 (Charles S. Parnell & Milton Roberts eds., 1972). This Court has explained:

> As an essential element of a cause of action for defamation, the plaintiffs must prove a false and defamatory statement *concerning another*. Otherwise stated at common law, one of the required elements of proof was the "colloquim," [sic] a showing that the language was directed to or concerning the charging party. The burden of proving this element of the cause of action is on the plaintiff.

*Stones River Motors, Inc. v. Mid-South Publ'g Co.*, 651 S.W.2d 713, 717 (Tenn. Ct. App. 1983) (citations omitted).

This requirement – often referred to as the "of and concerning" requirement – confines actionable defamation to statements made against an "ascertained or ascertainable person, and that person must be the plaintiff."[4] 53 C.J.S. *Libel and Slander; Injurious Falsehood* § 35 (2005) (citing

---

[4]The Connecticut Supreme Court has noted that proving an alleged defamatory statement was made "of and concerning" the plaintiff is a prerequisite to recovery for defamation as a matter of federal constitutional law. *QSP, Inc. v. Aetna Cas. & Sur. Co.*, 773 A.2d 906, 916 n.14 (Conn. 2001) (citing *Rosenblatt v. Baer*, 383 U.S. 75, 80-82 (1966); *New York Times Co. v. Sullivan*, 376 U.S. 254, 267 (1964)). The California Supreme Court has reached a similar conclusion, describing the importance of the "of and concerning" requirement thus:

> In defamation actions the First Amendment also requires that the statement on which the claim is based must specifically refer to, or be "of and concerning," the plaintiff in some way. The *New York Times* case suggested as much, although it could possibly have been read to imply that the requirement derives from the due process clause of the Fourteenth Amendment and ultimately from the state's definition of the tort of defamation, and hence that it is merely an element which the state is presumably free to require or not as it sees fit. [The *Rosenblatt* case] however, made it plain that the requirement derives directly and ultimately from the First Amendment. . . .
>
> . . . .
>
> The "of and concerning" or specific reference requirement limits the right of action for injurious falsehood, granting it to those who are the direct object of criticism and denying it to those who merely complain of nonspecific statements that they believe cause them some hurt. To allow a plaintiff who is not identified, either expressly or by clear implication, to institute such an action

(continued...)

cases).  A plaintiff may not support a claim for defamation based on an alleged defamatory statement made "of and concerning" a third party.  *Id*. (citing *QSP, Inc. v. Aetna Cas. and Sur. Co.*, 773 A.2d 906 (Conn. 2001)); Dan B. Dobbs, *The Law of Torts* § 405, at 1134-35 (2000) (citing *Johnson v. Southwestern Newspapers Corp.*, 855 S.W.2d 182 (Tex. Ct. App. 1993)).  A claim for defamation based on an alleged statement that does not expressly designate its subject will survive a motion to dismiss only if it is alleged that the statement was made "of and concerning" the plaintiff or referred to the plaintiff by reasonable implication.  *See Yow v. National Enquirer, Inc.*, 550 F. Supp. 2d 1179, 1187 (E.D. Cal. 2008) (citation omitted) (applying California law).

The plaintiffs' complaint fails to breach this minimum threshold.[5]  Although it contains an alleged defamatory statement, the statement does not expressly mention the plaintiffs.  There is no allegation that the statement refers to the plaintiffs by reasonable implication, that Commissioner Ritz made the statement with knowledge of its falsity or defamatory nature as to the plaintiffs, or that the statement was made "of and concerning" the plaintiffs.  The plaintiffs do not allege that "these girls" and "these clubs" referenced in the statement are or include the plaintiffs, nor is there an allegation that the statement referred to adult entertainment businesses in Shelby County or the female employees thereof.  Equally absent from the complaint are allegations that the Commissioner intended the statement to refer to the plaintiffs, that a reasonable person hearing the statement would believe it referred to the plaintiffs, or that extrinsic facts existed to show that the statement referred to the plaintiffs.  The plaintiffs' complaint fails to offer so much as a conclusory allegation that a connection existed between the alleged statement and the plaintiffs, their profession, or adult establishments generally.[6]

Whether by inadvertence or choice, the plaintiffs have not alleged an indispensable element of defamation – that Commissioner Ritz defamed them in the quoted statement.  The plaintiffs' complaint, read as a whole, is therefore insufficient to state a cause of action for defamation.  *Cf. Conley v. State*, 141 S.W.3d 591, 597 (Tenn. 2004) (dismissing a claim for medical malpractice against the state under Tenn. Code Ann. § 9-8-307 (a)(1)(D) (Supp. 2003) for failure to allege facts that would establish an essential element–a "professional/client" relationship); *Campbell v.*

---

[4](...continued)
poses an unjustifiable threat to society.

*Blatty v. New York Times Co.*, 728 P.2d 1177, 1182-83 (Cal. 1986) (citations omitted).

[5]We do not imply that the alleged defamatory statement must individually name the plaintiff.  Statements that do not specifically name a plaintiff are capable of a defamatory meaning if the plaintiff alleges and establishes extrinsic facts to show that the statement was made "of and concerning" the plaintiff.  *See Tompkins v. Wisener*, 33 Tenn. (1 Snead) 458, 460-61 (1853); *Stones River Motors, Inc. v. Mid-South Publ'g Co.*, 651 S.W.2d 713, 717-18 (Tenn. Ct. App. 1983); *see also* 16B Am. Jur. Pleading and Practice Forms, *Libel and Slander*, § 3, at 116 (rev. ed. 2000) ("Where the alleged defamatory statement does not contain any direct reference to the plaintiff, the complaint must contain appropriate allegations to show such application.  This allegation is commonly known as the colloquium.").

[6]Commissioner Ritz points out in his brief that "[a]s presented in the complaint, the quote itself might just as easily be read by a third party to refer to biker bars, massage parlors, or pool halls, and the 'girls' who work in such clubs."

*Robinson*, 955 S.W.2d 609, 612-13 (Tenn. Ct. App. 1997) (dismissing a claim of defamation against a public official for failure to allege facts that would establish an essential element–reckless disregard for the truth or falsity of the statements).

We recognize that the threshold for surviving a motion to dismiss for failure to state a claim is generally low, but conclude that the following language from *Gooley v. Mobil Oil Corp.*, 851 F.2d 513 (1st Cir. 1988), aptly describes the deficiency of the plaintiffs' complaint under the prevailing standard in Tennessee:

> [M]inimal requirements are not tantamount to nonexistent requirements. The threshold may be low, but it is real-and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation. The court need not conjure up unpled allegations or contrive elaborately arcane scripts in order to carry the blushing bride through the portal.

*Id.* at 514. The Tennessee Supreme Court has recognized that despite the liberal pleading standard set forth in Tennessee Rule of Civil Procedure 8.01 "'[t]here is no duty on the part of the court to create a claim that the pleader does not spell out in his complaint.'" *Trau-Med*, 71 S.W.3d at 704 (alteration in original) (quoting *Donaldson v. Donaldson*, 557 S.W.2d 60, 62 (Tenn. 1977)). We decline to do so here. For the foregoing reasons, we affirm the decision of the trial court.

## Conclusion

The ruling of the trial court dismissing the plaintiffs' complaint for failure to state a claim is affirmed for the reasons stated herein. Costs of this appeal are assessed to the appellants, Amanda Steele, Yolanda Spinks, Shonda Jones, and Tennessee Entertainment Concepts, Inc., and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE