# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 5, 2010 Session

## PAM WEBB, v. NASHVILLE AREA HABITAT FOR HUMANITY, INC.

**Appeal from the Third Circuit Court for Davidson County**
**No. 09C-1221      Hon. Barbara N. Haynes, Judge**

---

**No. M2009-01552-COA-R3-CV - Filed April 16, 2010**

---

In this action charging retaliatory discharge, the Trial Court granted defendant a dismissal of action based on its Tenn. R. Civ. P. Rule 12 Motion. On appeal, we vacate the Judgment of the Trial Court and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., J., and ANDY D. BENNETT, J., joined.

James L. Harris, Nashville, Tennessee, for the appellant, Pam Webb.

R. Eddie Wayland, Nashville, Tennessee, for the appellee, Nashville Area Habitat for Humanity, Inc.

## OPINION

Plaintiff, Pam Webb, filed a Complaint against the Nashville Area Habitat for Humanity, Inc., alleging that she was a former employee, and worked as defendant's vice-president of family services beginning in August 2007. She alleged that in December 2008, she filed a written complaint regarding what she perceived as illegal acts on behalf of

defendant's management. Specifically, plaintiff stated she was told not to allow services to be given to a 74-year-old person because it would "be a bad decision to loan money to someone this old." Plaintiff alleged that Chris McCarthy, a management employee, implemented policies that were discriminatory and in direct violation of the Equal Credit Opportunity Act and fair housing statutes, and made statements with regard to age, familial status, and disability. She alleged that she was terminated two months after she made her complaint, and that the reason given was budgetary, but that this was pretextual and she was fired for reporting illegal activity.

Defendant moved to Dismiss on the grounds that plaintiff failed to state a claim, and asserted that plaintiff failed to give specifics of her claim or to cite to specific statutory provisions. Plaintiff then filed a Motion to Amend, and the Amended Complaint stated that McCarthy implemented policies that were discriminatory and in violation of the Equal Credit Opportunity Act and the Tennessee Human Rights Act.

Defendant then filed an Amended Motion to Dismiss, asserting that the Equal Credit Opportunity Act stated that it was not discriminatory to inquire of an applicant's age for the purpose of determining continuance of income levels or other pertinent elements of creditworthiness. Defendant also asserted that the THRA did not apply to age discrimination in housing, and further asserted that plaintiff's Amended Complaint was still factually deficient.

At a hearing before the Trial Court, the Court ordered the case dismissed for failure to state a claim. The sole issue on appeal is whether the Court erred in dismissing plaintiff's cause of action.

This case involves the grant of a Tenn. R. Civ. P. 12 motion to dismiss. As we have previously explained:

> The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to determine whether the pleadings state a claim upon which relief can be granted. A Rule 12 motion only challenges the legal sufficiency of the complaint. It does not challenge the strength of the plaintiff's proof. In reviewing a motion to dismiss, we must liberally construe the complaint, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. Thus, a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. Our review of a trial court's determinations on issues of law is de novo, with no presumption of correctness.

*Deja Vu of Nashville, Inc., et al. v. The Metropolitan Gov't of Nashville and Davison Co.,*

*et al.*, 2009 WL 3270195 (Tenn. Ct. App. Oct. 12, 2009).

Further, in that same case, this Court recognized that:

Tennessee Rule of Civil Procedure 8.01 requires that a pleading which sets forth a claim for relief "shall contain: (1) a short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded." Further, as it pertains to statutes, ordinances and regulations, Tenn. R. Civ. P. 8.05, which is entitled "Pleading to Be Concise and Direct-Statutes, Ordinances and Regulations-Consistency," requires:

(1) Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required. Every pleading stating a claim or defense relying upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged. The substance of any ordinance or regulation relied upon for claim or defense shall be stated in a separate count or paragraph and the ordinance or regulation shall be clearly identified. The manner in which violation of any statute, ordinance or regulation is claimed shall be set forth.

Tenn. R. Civ. P. 8.05 (emphasis added).

*Id.* at 5-6 (citations omitted).

Similarly, in the case of *Demers v. Whittenburg, et al.*, 2004 WL 1196109 (Tenn. Ct. App. May 27, 2004), we stated that while pleadings are to be liberally construed, "the need for some degree of coherence has not been totally abandoned. Tenn. R. Civ. P. 8.01 still requires that the facts upon which a claim for relief is founded must be stated in the complaint."

In this case, the facts alleged in plaintiff's Amended Complaint were that plaintiff had filed a written complaint with defendant regarding what she believed were illegal acts, specifically, that she was instructed by a management employee "not to allow services to be given to a person 74 years old because it would be a bad decision to loan money to someone this old." Plaintiff further alleged that a management employee, Chris McCarthy, "made statements and asked staff members to implement polices that were and are discriminatory and in direct violation of the Equal Credit Opportunity Act, regulations promulgated

thereunder, and the Tennessee Human Rights act in that the policies in question involved unlawful age discrimination." She goes on to state that policies also involved familial status and disability.

Regarding these claims about "policies", however, there are no facts provided to show the basis for the claims. Plaintiff's complaint merely states conclusory allegations that discriminatory policies were sought to be implemented by defendant. Thus, the only factual assertion is that plaintiff was instructed by a management employee "not to allow services to be given to a person 74 years old because it would be a bad decision to loan money to someone this old."

The only statutes which plaintiff references in her complaint are the Equal Credit Opportunity Act and the Tennessee Human Rights Act. The Tennessee Human Rights Act only prohibits discrimination with regard to age as it involves employment and public accommodations. Tenn. Code Ann. §4-21-101. Thus, it is inapplicable to the facts alleged in this case. The Equal Credit Opportunity Act, however, specifically states that it is "unlawful for any creditor to discriminate against any applicant, . . . on the basis of race, color, religion, national origin, sex or marital status, or age . . .". 15 U.S.C. §1691. While it is true that the statute goes on to state that age can be inquired about for the purpose of determining probable continuance of income levels, etc., it still does prohibit discrimination solely on the basis of age. *Id.*

The factual assertion contained in plaintiff's complaint is that she was told not to allow services to be given to 74 year old persons because they were too old. As observed earlier, we must "presum[e] all factual allegations to be true and giv[e] the plaintiff the benefit of all reasonable inferences." *See Deja Vu.* If this factual assertion is true, as we must assume at this point, then it could show that defendant discriminated against an applicant on the basis of age, in violation of this statute. A "complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief." *Id.* Also assuming, as we must, that plaintiff was discharged for complaining about this violation, then she states her claim of retaliatory discharge.

Accordingly, we hold the Trial Court's Judgment should be vacated and remand for further proceedings consistent with this Opinion. The costs of the appeal are assessed to Nashville Area Habitat for Humanity, Inc.

_____
HERSCHEL PICKENS FRANKS, P.J.

-4-