JAMES R. BROWNING, Circuit Judge.
Pravin D. Patel and twenty other named plaintiffs sued the city of San Bernardino, California for damages stemming from the city’s enforcement of an unlawful tax. The district court dismissed the complaint for lack of jurisdiction. We affirm in part, reverse in part, and remand.
I.
The plaintiffs are owners and operators of hotels in the city of San Bernardino. The city imposed a “transient occupancy tax” on certain hotel guests, and the plaintiffs were required to collect this tax from their customers and remit it to the city. In 1991, the plaintiffs filed a complaint in state court for declaratory and injunctive relief under state law, asserting that the tax was unconstitutionally vague on its face. In 1997, the California Court of Appeal agreed and held that the tax violated the Due Process Clause of the federal constitution. See City of San Bernardino Hotel/Motel Ass’n v. City of San Bernardino, 59 Cal.App.4th 237, 69 Cal.Rptr.2d 97, 101-04 (1997). However, the court denied injunctive relief and noted that the city could amend the tax ordinance to cure its infirmities. Id. at 104. That decision became final on February 9, 1998, shortly after the California Supreme Court denied discretionary review.
Meanwhile, the city passed an ordinance that replaced the old transient occupancy tax with a new “transient lodging tax.” City voters approved that ordinance on February 3, 1998, but the new tax did not *1140 take effect until June 30, 1998. The city continued to collect the old tax during this intervening period, even though the state courts had declared it unconstitutional.[1]
The plaintiffs then filed a complaint against the city in federal district court, claiming $1 million in damages under 42 U.S.C. § 1983 and state law. The district court dismissed the complaint for lack of jurisdiction under Fair Assessment in Real Estate Ass’n v. McNary, 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). The plaintiffs appeal.
II.
The Tax Injunction Act, 28 U.S.C. § 1341, provides that federal district courts may not “enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.” This statute prohibits both declaratory and injunctive relief in state tax disputes as long as the taxpayer has an adequate remedy in state court. See California v. Grace Brethren Church, 457 U.S. 393, 407-13, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982); Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 297-99, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943).
In Fair Assessment in Real Estate Ass’n v. McNary, the Supreme Court extended the principles of comity and federalism underlying the Tax Injunction Act to prohibit an award of damages under § 1983. The Court recognized that federal courts generally must abstain from suits that would intrude into the administration of state taxation:
Petitioners will not recover damages under § 1983 unless a district court first determines that respondents’ administration of the County tax system violated petitioners’ constitutional rights. In effect, the district court must first enter a declaratory judgment like that barred in Great Lakes. We are convinced that such a determination would be fully as intrusive as the equitable actions that are barred by principles of comity.
454 U.S. at 113, 102 S.Ct. 177. Thus, taxpayers are barred “from asserting § 1983 actions against the validity of state tax systems in federal courts” as long as they had an adequate remedy available in state court. Id. at 116, 102 S.Ct. 177. See also Nat’l Private Truck Council, Inc. v. Okla. Tax Comm’n, 515 U.S. 582, 588-92, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995) (holding that state courts cannot award declaratory or injunctive relief under § 1983 if the taxpayer has an adequate remedy under state law).
However, we are aware of no appellate case which reaches the narrow question here: whether a party who has obtained a declaration in state court that a tax is invalid may then obtain a remedy under § 1983 in federal court. We agree with the plaintiffs that Fair Assessment does not strictly control this case: the plaintiffs are not seeking to challenge the validity of a tax, but merely to obtain retrospective damages for a tax that has already been declared invalid in state court. The city here does not defend the constitutionality of the challenged tax. Consequently, this suit is considerably less intrusive than the suit in Fair Assessment, where the federal court would have been required to deter *1141 mine the validity of the tax before awarding damages. Cf. Fair Assessment, 454 U.S. at 107 n. 4, 102 S.Ct. 177 (leaving open the possibility that a § 1983 suit could proceed if it “requires no scrutiny whatever of state tax assessment practices”).
In Fair Assessment, the Supreme Court was concerned that allowing actions under § 1983 would be particularly intrusive given the absence of any need to exhaust state remedies:
[T]he intrusiveness of such § 1983 actions would be exacerbated by the no-nexhaustion doctrine of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Taxpayers such as petitioners would be able to invoke federal judgments without first permitting the State to rectify any alleged impropriety.
454 U.S. at 113-14, 102 S.Ct. 177. That concern is not present here, where the plaintiffs first raised their claims in state court and successfully persuaded those courts that the tax was unconstitutional.
On the balance, however, we believe allowing damages would significantly intrude into the smooth functioning of the city’s tax system. See Tomaiolo v. Mallinoff, 281 F.3d 1, 8 (1st Cir.2002) (noting that although allowing a suit might be less disruptive because the city had stopped collecting the tax, “[a]ny such difference would not be so great as to justify recognizing an exception to Fair Assessment ”); see also Jerron West, Inc. v. Cal. State Bd. of Equalization, 129 F.3d 1334, 1337 (9th Cir.1997) (noting that the Tax Injunction Act prohibits “even an indirect restraint on tax assessment”). Although the state courts declared the tax facially unconstitutional, they did not consider whether the plaintiffs had been injured. Before a federal court awarded damages, it would have to determine whether plaintiffs suffered cognizable injury and the extent of that injury.[2] Further, allowing damages under § 1983 could expose cities and states to substantial tort liability, such as the $1 million sought here, above and beyond any claim that the actual taxpayers have for a refund.
Allowing the plaintiffs to proceed would create a bypass around the broad prohibitions of Fair Assessment and National Private Truck. In Naional Private Truck, 515 U.S. at 585, 588-92, 115 S.Ct. 2351, the Court held that the state courts could not award relief under § 1983, even though those courts had determined the tax was invalid under state law.[3] If the plaintiffs in this ease were allowed to maintain their suit, they could accomplish through two suits — a declaratory judgment action in state court and then a damages action in federal court — what they could not do through a single action in state court for declaratory and monetary relief. Read together, Fair Assessment and National Private Truck bar use of § 1983 to litigate state tax disputes in either state or federal court. Given the “strong back *1142 ground principle against federal interference with state taxation,” Nat’l Private Truck, 515 U.S. at 589, 115 S.Ct. 2351, we will not carve out a new exception here, particularly one that would offend principles of comity by encouraging bifurcated litigation between state and federal courts. We hold that the plaintiffs may not proceed under § 1983 so long as a “plain, speedy and efficient” remedy is available in state court.
The “plain, speedy and efficient” exception to the Tax Injunction Act must be narrowly construed. See Grace Brethren Church, 457 U.S. at 413, 102 S.Ct. 2498; Ret. Fund Trust v. Franchise Tax Bd., 909 F.2d 1266, 1273 (9th Cir.1990). In their state suit, plaintiffs only sought declaratory and injunctive relief, expressly disclaiming any entitlement to a tax refund. Further, unlike the present federal suit, the state suit did not pursue damages for a taking under state law. The state court gave them most of the relief they sought when it declared the tax invalid. This remedy, for the most part, was adequate.
The state court declined to award injunctive relief, however, and the city allegedly continued to collect the tax for several months after the decision invalidating the tax became final. To the extent that the city refused to follow the holding of the California Court of Appeal after its decision became final, the plaintiffs did not receive a “plain, speedy and efficient” remedy. See Rosewell v. LaSalle Nat’l Bank, 450 U.S. 503, 516-17, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981) (suggesting that “uncertainty concerning a State’s remedy may make it less than ‘plain’ under 28 U.S.C. § 1341”) (citation omitted); Ashton v. Cory, 780 F.2d 816, 819 (9th Cir.1986) (noting that a remedy is not plain “if there is uncertainty regarding its availability or effect”); see also John F. Coverdale, Remedies for Unconstitutional State Taxes, 32 Conn. L.Rev. 73, 84 (1999) (“There is no dispute that once a state tax has been finally declared unconstitutional the state may not continue to collect the tax.”).[4] Consequently, we reverse the district court’s dismissal of the complaint in part and hold that the plaintiffs may pursue remedies under § 1983 for any damages that accrued after the state courts overturned the tax.[5] The parties shall bear their own costs.[6]
*1143 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

. The city asserts that the new tax actually took effect immediately on February 3 after being approved by the voters, so the city ended its collection of the old tax several days before the Court of Appeals decision became final. However, the city ordinance itself is not in the record. Because the plaintiffs are appealing the dismissal of their complaint under Fed.R.Civ.P. 12(b)(6), we accept as true their allegation that the city continued to assess the old tax for several months after the Court of Appeals decision became final. See Old Semiconductor Co. v. Wells Fargo Bank, 298 F.3d 768, 772 (9th Cir.2002).

. The plaintiffs were not the actual taxpayers; they merely collected taxes from their hotel guests and remitted them to the city. At oral argument, plaintiffs stated they are not seeking a tax refund, but are instead seeking damages under a "theft of services” theory — that the city required them to expend their time and effort to collect and account for an illegal tax. We assume, without deciding, that this presents a valid basis for damages under § 1983.

. Although the only question expressly addressed in the National Private Track opinion was whether the plaintiffs could obtain equitable remedies under § 1983 in state court, its rationale applies with equal force to a claim for damages under § 1983. See Gen. Motors Corp. v. City and County of San Francisco, 69 Cal.App.4th 448, 81 Cal.Rptr.2d 544, 550 (1999) ("While the high court has not expressly foreclosed the section 1983 action [for damages in state court] ..., its interpretation of section 1983 compels the foreclosure.”).

. Contrary to tire dissent's assertion, our holding is based on the obvious inadequacy, of the state remedy, not on whether a federal remedy is "better.” A tax declared unconstitutional cannot continue to be collected. The state's remedy for the Due Process violation— declaring the tax unconstitutional — was uncertain and unclear in its effect since the city continued to collect the unconstitutional tax.

. Plaintiff's ability to bring a § 1983 suit in state court is not a substitute for a plain and adequate state remedy. First, § 1983 provides federal relief, even if it may be awarded by a state court, and is not a state remedy. Cf. Nat’l Private Truck, 515 U.S. at 592, 115 S.Ct. 2351 (holding that "state courts, like their federal counterparts, must refrain from granting federal relief under § 1983” when there is an adequate state remedy). Moreover, the Supreme Court has never held that a state court must entertain § 1983 cases; thus, a § 1983 claim in state court may only be a speculative remedy. See Nat’l Private Truck, 515 U.S. at 588 n. 4, 115 S.Ct. 2351. Finally, despite the availability of a § 1983 claim in state court as well as federal court, we must respect the plaintiffs’ choice of federal forum when federal jurisdiction is available. Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967) ("Congress imposed the duty upon all levels of the federal judiciary to give due respect to a suitor's choice of a federal forum for the hearing and decision of his federal constitutional claims.”).

. On remand, the district court should first consider whether to exercise supplemental jurisdiction over the plaintiffs’ state law claim. If it does not, it should dismiss that claim without prejudice.