**Pravin D. PATEL; et al., Plaintiffs–Appellants,**

v.

**CITY OF SAN BERNARDINO, a municipal corporation, Defendant–Appellee.**

No. 04–56839.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2006.

Filed Nov. 09, 2006.

Frank A. Weiser, Esq., Los Angeles, CA, for Plaintiffs–Appellants.

James F. Penman, Esq., Office of the City Attorney, Christopher D. Lockwood, Esq., Arias Lockwood & Gray, San Bernardino, CA, for Defendant–Appellee.

Before: PREGERSON, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM *

Pravin D. Patel and twenty other named plaintiffs bring this suit against the city of San Bernardino, California ("the City") for

damages stemming from the City's alleged collection of an unlawful transient occupancy tax. District Judge Timlin granted summary judgment in favor of the City. Plaintiffs appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

■ The parties dispute (1) when the decision invalidating the former ordinance was final and (2) when the new ordinance went into effect. The former ordinance became ineffective on February 3, 1998 when the California Supreme Court denied the City's petition for review of the California Court of Appeal's decision invalidating the ordinance. *See* Cal. R. Ct. 29.4(b)(2). The new ordinance went into effect on February 4, 1998. *See* Cal. Const. art. II, § 10(a) (stating that a voter initiative goes into effect the day after it is approved by the electorate unless the initiative itself instructs otherwise). Thus, the former ordinance was invalidated less than twenty-four hours before the new ordinance took effect.

■ Appellants also urge the court to overturn an earlier Ninth Circuit opinion in this case that limited federal jurisdiction based on the Tax Injunction Act: *Patel v. City of San Bernardino (Patel I),* 310 F.3d 1138 (9th Cir.2002). We only overturn a decision of an earlier panel where there has been an intervening Supreme Court case overruling or undermining the earlier decision. *United States v. Gay,* 967 F.2d 322, 327 (9th Cir.1992). Appellants argue that *Hibbs v. Winn,* 542 U.S. 88, 124 S.Ct. 2276, 159 L.Ed.2d 172 (2004), does precisely that. We disagree. *Hibbs* reinforced the Tax Injunction Act's bar of federal suits related to state tax collection where there is an adequate state remedy. Thus, the *Hibbs* holding does not undermine or overrule *Patel I,* which limited the current case to pursuing federal remedies only

---

where the state remedies proved inadequate.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.