**David MCILWAIN, Plaintiff—
Appellant,**

v.

**OREGON DEPARTMENT OF REVE-
NUE, being sued as Oregon Depart-
ment of Revenue; Director Elizabeth
Harchenko, Defendants—Appellees.**

**No. 06–35121.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 6, 2009.

David McIlwain, Portland, OR, pro se.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.

Michael C. Livingston, Esq., FAX, Office of the Oregon Attorney General, Camilla Johnston, Esq., Salem, OR, for Defendants–Appellees.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

David McIlwain appeals pro se from the district court's judgment under Federal Rule of Civil Procedure 54(b) dismissing his action against the Oregon Department of Revenue ("ODR") and its director, Elizabeth Harchenko. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal of an action for lack of subject matter jurisdiction, *May Trucking Co. v. Oregon Dep't of Transp.*, 388 F.3d 1261, 1265 (9th Cir. 2004), and dismissal for failure to state a claim, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir.2004). We affirm.

The district court properly determined that it lacked subject matter jurisdiction over McIlwain's claim for damages and injunctive relief because principles of comity and federalism underlying the Tax Injunction Act, 28 U.S.C. § 1341, bar taxpayers from challenging the validity of a state tax in federal court where there is an adequate remedy available in state court. *See Patel v. City of San Bernardino*, 310 F.3d 1138, 1140 (9th Cir.2002) (explaining that under § 1341 "federal courts generally must abstain from suits that would intrude into the administration of state taxa-

R.App. P. 34(a)(2).

tion"); *see also* Or.Rev.Stat. § 305.270 (administrative appeal and refund procedures for excess taxes paid), § 305.412 (Oregon Tax Court jurisdiction), § 305.445 (judicial review by Oregon Supreme Court).

To the extent McIlwain's complaint alleged a due process claim under 42 U.S.C. § 1983, it too was barred by the principle of comity because McIlwain had an adequate state remedy available to him. *See Nat'l Private Truck Council Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 589, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995) (holding "that § 1983 does not call for either federal or state courts to award injunctive and declaratory relief in state tax cases when an adequate legal remedy exists").

The district court properly concluded that the Eleventh Amendment barred the action against the Oregon Department of Revenue because McIlwain failed to show that Congress abrogated Eleventh Amendment immunity with respect to taxation or that Oregon waived its immunity. *See Micomonaco v. State of Washington*, 45 F.3d 316, 319 (9th Cir.1995) (explaining Eleventh Amendment immunity).

McIlwain's Request for Administrative Evaluation is denied.

McIlwain's Motion for Leave to File a CD–ROM exhibit is granted. The Clerk shall file the CD–ROM exhibit received on June 12, 2006.

McIlwain's Affidavit of Default, construed as a request for judicial notice, is denied.

Appellees' Motion For Extension of Time and For Relief from Default is granted. The Clerk shall file Appellees' Objec-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion to McIlwain's Request for Judicial Notice received on September 25, 2006.

McIlwain's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.