# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 8, 2012 Session

## JAMES T. (TOM) HIGDON v. STATE OF TENNESSEE, ET AL.

**Appeal from the Chancery Court for Campbell County**
**No. 7CH1-2012-CV-16      Billy Joe White, Chancellor**

_____

### No. E2012-00939-COA-R3-CV-FILED-JANUARY 11, 2013

_____

The State of Tennessee Department of Revenue rendered an assessment against James T. Higdon ("Higdon") for certain business taxes owed. Higdon, challenging the actions taken by the department, sued the State of Tennessee; Commissioner Richard Roberts of the Department of Revenue; and, M. Bernadette Welch of the Department of Revenue ("the Defendants," collectively), in the Chancery Court for Campbell County ("the Trial Court"). The Defendants filed a motion to dismiss, which the Trial Court granted. The Trial Court held, among other things, that it lacked subject matter jurisdiction to hear the case as Higdon had not satisfied the statutory requirements for seeking relief regarding state tax claims. Higdon appeals to this Court. We affirm the judgment of the Trial Court in its entirety.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J., joined.

James T. Higdon, pro se appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and, R. Mitchell Porcello, Assistant Attorney General, for the appellees, the State of Tennessee; Commissioner Richard Roberts, State of Tennessee Department of Revenue; and, M. Bernadette Welch, State of Tennessee Department of Revenue.

# OPINION

## Background

This appeal concerns state tax claims. The Department of Revenue rendered two assessments against Higdon in August and November 2010 for business and sales and use taxes owed, respectively. Higdon challenged these assessments. The business tax assessment was upheld, but it was determined that there actually had been an overpayment of the sales and use tax assessment.

The business tax audit later was revisited, and a new business tax assessment superseded the previous one. In a Notice of Assessment dated July 25, 2011 and mailed on July 30, 2011, Higdon was informed of a business tax assessment against him in the total amount of $9,520. On August 22, 2011, Higdon requested an informal conference to challenge the new business tax assessment. In a letter dated December 13, 2011, M. Bernadette Welch of the Tennessee Department of Revenue upheld the business tax assessment.

On February 28, 2012, Higdon sued the State, as well as Commissioner of Revenue Richard Roberts and M. Bernadette Welch, an official with the Department of Revenue. Higdon sued Ms. Welch in both her official and individual capacities. The gist of Higdon's rather circuitous complaint was his dissatisfaction with the state's tax assessments against him. Higdon sought relief under a slew of theories, including a 42 U.S.C. § 1983 claim. In April 2012, the Defendants filed a motion to dismiss. In their motion, the Defendants alleged that the Trial Court lacked subject matter jurisdiction to hear Higdon's case because he had not complied with the relevant statutory requirements for state tax claims. Additionally, the Defendants argued that Higdon had failed to state a claim for which relief could be granted with respect to the §1983 claim as Higdon had an adequate legal remedy available to him concerning this state tax claim.

In May 2012, following a hearing, the Trial Court entered its order granting the Defendants' motion to dismiss. The Trial Court found and held as follows:

> This matter was before the Court on May 1, 2012 on the Defendant's Motion to Dismiss. After consideration of the issues presented, the Court finds that the Defendants' Motion is well taken and is therefore GRANTED.
>
> The Court dismisses the complaint of Plaintiff, James T. Higdon, in its entirety for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff failed to comply with the requirements

of Tenn. Code Ann. §§ 67-1-1801 *et seq*. (the "Taxpayer Remedies Statute"), which provide the exclusive jurisdiction and procedure for challenging tax liabilities in Tennessee. *See* Tenn. Code Ann. § 67-1-1804. Plaintiff's complaint is not properly before this Court as an assessment challenge because it was not "[f]iled within ninety (90) days from the date of the mailing of the notice of assessment to the taxpayer by the commissioner." Tenn. Code Ann. § 67-1-1801(b)(1). The Court finds that ninety-nine days passed between the date of the mailing of the notice of assessment (July 30, 2011) and the date that Plaintiff filed his complaint (February 28, 2012), not including the period during which the time to file suit did not run due to Plaintiff's request for an informal conference (August 22 to December 13, 2011).

Plaintiff's complaint is not properly before this Court as a refund suit because he did not pay "[t]he entire disputed amount of tax, penalty and interest" and file with the Commissioner a claim for refund, under penalties of perjury, "set[ting] forth each ground upon which a refund is claimed, the amount of such refund, the tax period, the tax type, and information reasonably sufficient to apprise the commissioner of the general basis for the claim," as required by Tenn. Code Ann. § 67-1-1802(a)(1)(A). The Court finds that the Department of Revenue collected $16,241.73 by levy against Plaintiff's bank account in November 2010, which was applied to Plaintiff's sales tax and business tax liabilities. The Court finds that $9,520 of the business tax liability, plus interest continuing to accrue, remained unpaid after application of the amount collected by levy, and Plaintiff did not file a claim for refund meeting the requirements of Tenn. Code Ann. § 67-1-1802(a)(1)(A) for either liability.

Because Plaintiff has not met the requirements for an assessment challenge or a refund suit, this Court lacks subject matter jurisdiction over his complaint, since these are the exclusive methods of challenging a state tax liability in Tennessee. *See* Tenn. Code Ann. §§ 67-1-1801(a)(1) and -1804. Tenn. Code Ann. § 9-8-307, upon which Plaintiff also relies for jurisdiction, relates only to the jurisdiction of the Tennessee Claims Commission. That provision does not apply to state tax disputes involving the Department of Revenue, nor does it confer any jurisdiction upon this Court.

The Court also finds that Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983 because section 1983 is not available in state tax cases in which an adequate remedy is provided under state law. *See National Private Truck Council, Inc. v. Oklahoma Tax Comm'n*,

515 U.S. 582 (1995); *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100 (1981); *Patel v. City of Bernardino*, 310 F.3d 1138 (9th Cir. 2002). In Tennessee, an adequate remedy is provided by the Taxpayer Remedies Statute, Tenn. Code Ann. §§ 67-1-1801 *et seq*. The Court further finds that Defendant M. Bernadette Welch, Administrative Hearing Officer, is shielded from suit by the doctrine of qualified immunity and the allegations against her do not arise to the violation of a clearly established constitutional right. *See Lucas v. State*, 141 S.W.3d 121 (Tenn. Ct. App. 2004).

For the foregoing reasons, the Court grants the Defendants' Motion to Dismiss and dismisses Plaintiff's complaint in its entirety.

The costs of this suit are adjudged against Plaintiff.

(Footnote omitted).[1]

Higdon appeals to this Court.

## Discussion

Higdon, acting *pro se*, raises at least 19 "arguments" on appeal. Mindful of Higdon's *pro se* status, we restate and consolidate the issues that Higdon raises on appeal as follows: 1) whether the Trial Court erred in granting the Defendants' motion to dismiss on the basis that the Trial Court lacked subject matter jurisdiction; and, 2) whether the Trial Court erred in granting the Defendants' motion to dismiss on the basis of failure to state a claim upon which relief can be granted relative to the 42 U.S.C. § 1983 claims.

Our Supreme Court has discussed the standard for addressing motions to dismiss:

The standards by which our courts should assess and dispose of a Rule 12.02(6) motion to dismiss are well-established and have been clearly and consistently applied in Tennessee for nearly forty years, following the adoption of the Tennessee Rules of Civil Procedure in 1970.

A Rule 12.02(6) motion challenges only the legal sufficiency of the

---

[1]The Trial Court stated that it relied on the affidavit of Susan Sagash, an official with the Department of Revenue, for certain facts for the purpose of determining whether the Trial Court had subject matter jurisdiction to hear the case.

complaint, not the strength of the plaintiff's proof or evidence. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009); *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 710 (Tenn. 2003); *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); *Sanders v. Vinson*, 558 S.W.2d 838, 840 (Tenn. 1977). The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. *Leggett v. Duke Energy Corp.*, 308 S.W.3d 843, 851 (Tenn. 2010); *Trau–Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002); *Cook ex rel. Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994); *Cornpropst v. Sloan*, 528 S.W.2d 188, 190 (Tenn. 1975) (*overruled on other grounds by McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 899–900 (Tenn. 1996)). A defendant who files a motion to dismiss " 'admits the truth of all of the relevant and material allegations contained in the complaint, but ... asserts that the allegations fail to establish a cause of action.' " *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 516 (Tenn. 2005)); *see Edwards v. Allen*, 216 S.W.3d 278, 284 (Tenn. 2007); *White v. Revco Disc. Drug Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000); *Holloway v. Putnam Cnty.*, 534 S.W.2d 292, 296 (Tenn. 1976).

In considering a motion to dismiss, courts " 'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.' " *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31–32 (Tenn. 2007) (quoting *Trau–Med*, 71 S.W.3d at 696); *see Leach v. Taylor*, 124 S.W.3d 87, 92–93 (Tenn. 2004); *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997); *Bellar v. Baptist Hosp., Inc.*, 559 S.W.2d 788, 790 (Tenn. 1978); *see also City of Brentwood v. Metro. Bd. of Zoning Appeals,* 149 S.W.3d 49, 54 (Tenn. Ct. App. 2004) (holding that courts "must construe the complaint liberally in favor of the plaintiff by ... giving the plaintiff the benefit of all the inferences that can be reasonably drawn from the pleaded facts"). A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002); *see Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007); *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999); *Pemberton v. Am. Distilled Spirits Co.*, 664 S.W.2d 690, 691 (Tenn. 1984); *Fuerst v. Methodist Hosp. S.*, 566 S.W.2d 847, 848 (Tenn. 1978); *Ladd v. Roane Hosiery, Inc.*, 556 S.W.2d 758, 759–60 (Tenn. 1977). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo. *Brown*, 328 S.W.3d at 855; *Stein*, 945 S.W.2d at 716.

*Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011).

With respect to subject matter jurisdiction, our review of the Trial Court's granting of the motion to dismiss also is *de novo*. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). The Trial Court considered matters outside the pleadings. Under different circumstances, this would necessitate treating the motion to dismiss as though it were a motion for summary judgment. A motion to dismiss, however, need not be converted into a motion for summary judgment if a trial court considers external evidence only to determine whether it has subject matter jurisdiction. *Staats v. McKinnon*, 206 S.W.3d 532, 543 (Tenn. Ct. App. 2006).

This appeal concerns the "Taxpayer Remedies for Disputed Taxes" law, codified at Tenn. Code Ann. § 67-1-1801 *et seq.* ("Taxpayer Remedies Statute"), and it is worthwhile to outline certain key provisions of this law. As to the available remedy in this category of claims, "[t]he procedure established by this part is the sole and exclusive jurisdiction for determining liability for all taxes collected or administered by the commissioner of revenue . . . ." Tenn. Code Ann. § 67-1-1804 (2011). Under the statute, two remedies are available to taxpayers dissatisfied with a tax assessment. "The taxpayer may pay the tax and file a claim for refund of the tax and proceed as provided in this part . . . ." Tenn. Code Ann. § 67-1-1801 (a)(1)(A) (2011). Otherwise, "[t]he taxpayer may file suit against the commissioner in chancery court in the appropriate county in this state, challenging all or any portion of the assessment of such tax, including any interest and penalty associated with the tax." Tenn. Code Ann. § 67-1-1801 (a)(1)(B) (2011). A suit challenging an assessment must be filed "within ninety (90) days from the date of the mailing of the notice of assessment to the taxpayer by the commissioner, with a copy of the notice of assessment attached to the notice as an exhibit." Tenn. Code Ann. § 67-1-1801 (b)(1) (2011).

Before addressing the issues on appeal, we address certain motions pending before us. First, Higdon filed a motion requesting that the supplemental technical record in this case be voided. We cannot understand how it would be appropriate to "void" this supplemental record even though we are not convinced how the record in question is germane to the resolution of the case. Therefore, we deny this motion. Higdon also filed a motion asking that we take judicial notice of certain facts and law, including: a motion Higdon filed concerning certified mail versus commercial carrier; Rule 20(a) of the Tennessee Rules of Appellate Procedure; the advisory commission comments to Rule 20; Rule 20A of the Tennessee Rules of Appellate Procedure, sections (b)(1), (b)(4), and (b)(5); and, our own Order of October 30, 2012. These items are not appropriate for judicial notice. We already are aware of the Tennessee Rules of Appellate Procedure and our own previous Order, for example. We deny this motion as well. We note that our ultimate decision in this

appeal would not have been altered had we granted the motions.

Having resolved the outstanding motions, we now address whether the Trial Court erred in granting the Defendants' motion to dismiss on the basis that the Trial Court lacked subject matter jurisdiction. The Defendants argue that Higdon's proper remedy was to act in accordance with the Taxpayer Remedies Statute. Higdon, on the other hand, appears to argue that his claims have been mischaracterized. We agree with the Defendants.

From the record before us, it is apparent that Higdon did not timely file an assessment challenge within 90 days from the date of mailing of the assessment. The notice of assessment was mailed on July 30, 2011. On August 22, 2011, Higdon requested an informal conference, which tolled the relevant 90 day period pursuant to Tenn. Code Ann. § 67-1-1801 (c)(3) (2011). On December 13, 2011, the state rendered its decision in the informal conference, and the 90 day period in which to file suit resumed. Higdon filed his lawsuit on February 28, 2012. Not counting the tolled period, some 99 days elapsed between the notice of assessment and the filing of Higdon's lawsuit. As noted by the Trial Court, Higdon did not properly file a refund suit. Absent compliance with the applicable statute, Higdon has no basis for his contention that he otherwise is entitled to relief, and, his arguments to the contrary are without merit.[2]

We next address whether the Trial Court erred in granting the Defendants' motion to dismiss on the basis of failure to state a claim upon which relief can be granted relative to the 42 U.S.C. § 1983 claims. The United States Supreme Court has opined, "We simply do not read § 1983 to provide for injunctive or declaratory relief against a state tax, either in federal or state court, when an adequate legal remedy exists." *National Private Truck Council, Inc. v. Oklahoma Tax Commission*, 515 U.S. 582, 591, 115 S. Ct. 2351, 132 L.Ed.2d 509 (1995). As already discussed, Higdon did not comply with the applicable statute. Higdon's complaint alleged no extraordinary factors prohibiting him from pursuing remedial action through the Taxpayer Remedies Statute. Section 1983 equally is unavailing to Higdon as a basis for monetary damages in the context of this state tax dispute. As reasoned by the Supreme Court of Pennsylvania, "it is now apparent that Section 1983 monetary damages are unavailable in tax cases brought in state court when an adequate legal remedy exists." *Kowenhoven v. County of Allegheny*, 587 Pa. 545, 901 A.2d 1003, 1014 (2006). Put simply, § 1983 is not a means for the litigation of state tax disputes. *Patel v. City of San Bernardino*, 310 F.3d 1138, 1141-42 (9th Cir. 2002). Higdon had an adequate legal remedy available to him, but he did not use it. The Trial Court properly dismissed Higdon's § 1983 claims.

---

[2]While the Defendants also argue that Higdon's claims fail for a number of other reasons, we confine our analysis to the alleged errors of the Trial Court as that analysis resolves this appeal.

We find no reversible error in the Trial Court's granting the Defendants' motion to dismiss on the basis of lack of subject matter jurisdiction as well as for failure to state a claim for which relief can be granted. We affirm the judgment of the Trial Court in its entirety.[3]

Finally, Higdon requests attorney's fees on appeal. We decline to award Higdon attorney's fees.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, James T. Higdon, and his surety, if any.

_____
D. MICHAEL SWINEY, JUDGE

---

[3]We also affirm the Trial Court as to its specific holding that M. Bernadette Welch is shielded from suit in her individual capacity under a theory of qualified immunity. The Defendants and not Higdon specifically raise this issue on appeal.